STATE v. A. J. SPURTIN and others.

*Appeal—Practice.*

1. No appeal lies from the inferior courts directly  to the supreme court.
2. An appeal will be dismissed where there is no bond to secure the costs,
    or no order allowing a defendant to appeal without security.

(*State* v. *Patrick,* 72 N. C., 217; *State* v. *Lane,* 78 N. C., 547, cited and
  approved.)

INDICTMENT for a Misdemeanor tried at September  Term,
1878, of ALLEGHANY Inferior Court.   The defendants  were
convicted, and  from the  judgment pronounced on  the ver-
dict they appealed to the supreme court.   The statement of
the case sets forth the facts proved on the trial and the
prayer of defendants for special instructions which were re-
fused.   Upon the hearing in this court, a motion was made
on behalf of the state that the appeal be dismissed.

*Attorney General,* for the state.
*Mr. R. F. Armfield,* for the defendants.

DILLARD, J.   The appeal must be dismissed on two
grounds:—

1. No bond to secure the costs of  the appeal accompanies
the record ; nor was there any order of the court allowing

the defendants to appeal without the usual security. *State*
v. *Patrick*, 72 N. C., 217 ; Bat. Rev., ch. 33, §§ 111, 112.

2. No appeal is given by law from the inferior courts to
the supreme court. The supreme court under the constitu-
tion of 1868 had the jurisdiction to review on appeal any
decision of the courts below upon any matter of law or legal
inference. Art. IV, § 10. And under the statutes defining
and regulating the right of appeal, the jurisdiction extended
only to appeals from the superior courts. The amended
constitution retains the same courts provided for in the con-
stitution of '68, and gives the legislature power to establish
*other* courts inferior to the supreme court, and to parcel out
the jurisdiction other than that pertaining to the supreme
court, provide a proper system of appeals, and regulate by
law the method of proceeding in the exercise of those powers
in all the courts below the supreme court, so far as may not be
in conflict with other provisions of the constitution. Art.
IV, §§ 2, 12. Under our new constitution the legislature
has created inferior courts, and as empowered in section 12
has parceled off to them a criminal jurisdiction, and pro-
vided a system of appeals to persons convicted in those
courts, whereby the right of appeal is expressly given from
the inferior to the superior courts. Acts 1876–'77, ch. 154,
§ 10 ; ch. 292, § 1.

The clause of the constitution defining the jurisdiction
above quoted, is the same in the new constitution as in that
of 1868, and the language used is broad enough to take in
appeals from the inferior courts, if the legislature should
pass a law providing for appeals directly to the supreme
court. But no such act has been passed, and therefore we
conclude that no right exists to appeal from the inferior
directly to the supreme court. The right of appeal is to the
superior court where the trial is to be had *de novo*, and
thence to this court.

It has been decided that no appeal lies for the state from

the judgments of the inferior courts to the supreme court; and in the opinion of the court, the omission to provide such an appeal for the state was not accidental, but of purpose and on sufficient reasons of public policy. *State* v. *Lane,* 78 N. C., 547. And so we think, the provision of a right of appeal to defendants to the superior instead of directly to the supreme court, was of purpose and consistent with the best interests of the convicts and the public as well. The appeal must be dismissed.

PER CURIAM.                                Appeal dismissed.