## STATE v. WILLIAM KERNS.

### *Appeal in criminal cases.*

1. An appeal in a criminal action without bond to secure the costs, will not be entertained, unless the defendant is allowed to appeal upon his affidavit of inability to give such bond.

2. Where an appeal without bond or affidavit in such case was allowed "by consent," it was held not to be in compliance with law.

(*State* v. *Spurtin,* 80 N. C., 362; *State* v. *Patrick,* 72 N. C., 217, cited and approved).

INDICTMENT for burning a mill, tried at Fall Term, 1883, of MECKLENBURG Superior Court, before *Gilmer, J.*

The defendant was indicted for the said offence and convicted in the inferior court, and appealed from its judgment to the superior court, where the judgment below .was affirmed, and the defendant then appealed to this court.

*Attorney-General,* for the State.

No counsel for the defendant.

STATE *v.* SAUNDERS.

ASHE, J. The record transmitted from the superior court shows that "by consent the defendant was allowed to appeal without bond." This court will not entertain an appeal in a criminal action without a bond to secure the costs of the appeal, unless the defendant, upon his affidavit of inability to give such bond, has been allowed by the court to appeal *in forma pauperis.*

In the case of *State* v. *Spurtin,* 80 N. C., 362, the appeal was dismissed, because no bond to secure the costs accompanied the record, and there was no order of the court allowing the defendant to appeal without the usual security. The same point was ruled in *State* v. *Patrick,* 72 N. C., 217.

Neither the judge nor the solicitor has authority to allow a defendant to appeal in a criminal case without complying with the requisites of the law.

The appeal must be dismissed and this opinion certified to the superior court of Mecklenburg county, that the case may be remanded to the inferior court, to the end that the case may be proceeded with according to law.

Appeal dismissed.