## STATE *v.* JAMES CREDLE.

Error in the charge of the Court, on a trial for crime, will not give the State a right to appeal after a verdict of not guilty.

(*State* v. *Taylor*, 1 Hawks 462, cited and approved.)

MISDEMEANOR, in killing live-stock, tried before *Jones, J.,* at Fall Term 1868, of the Superior Court of BEAUFORT.

The defendant, was indicted for killing a steer: in the first count alleged to be property of one James Edwards, and in the second, of some person unknown.

His Honor charged the jury that they must be satisfied that the defendant did kill the steer, and that it was the property of James Edwards, as charged in the first count of the indictment; and that, if they were not so satisfied, they could not convict on the second count. To this part of the charge the Solicitor excepted. There was a verdict of "not guilty," and the Solicitor for the State appealed.

*F. H. Busbee*, for the State.
No counsel *contra*.

SETTLE, J. " *Nemo debet vis vexari, pro una et eadem causa,*" is a principle of the common law, as well as of humanity.

The bill of indictment upon which the defendant was put to trial contained two counts, and there was a general verdict of not guilty.

Admitting that there was error in his Honor's charge, as to the second count, it cannot be reviewed upon appeal by the

State; *State* v. *Taylor*, 1 Hawks 462—for, while the humanity of our law gives the right of appeal to the accused in all cases, the class of cases in which the State has that right, is very small. A legal acquittal in any Court of competent. jurisdiction, if the indictment be good, as we think it was in this case, will preclude any subsequent proceedings before every other Court.

PER CURIAM.                             Appeal dismissed.