STATE *vs.* PHILLIPS.

No appeal is allowed on the part of the State, where a general verdict of not-guilty, has been rendered.

The cases of *State* v. *Jones*, 1 Murphy, 257, *State* v. *Taylor*, 1 Hawks., 422, *State* v. *Credle*, 63 N. C. R., 506, cited and approved.

This was an indictment for larceny, tried before Clarke, Judge, at Fall Term 1871, of Greene Superior Court.

It was in evidence that the defendant had been arrested and carried before one Busbee, a Justice of the Peace, before whom he confessed the theft. The Justice said "I read the warrant to him and asked him if he was guilty or not? He said, *guilty.*" The confessions of the prisoner were reduced to writing. The Justice said, "He had not informed the prisoner that he was not compelled to answer."

The State proposed to introduce in evidence the confessions of the prisoner. They were rejected by His Honor upon the ground that under the Act of 1868–'69, it was the duty of the Justice of the Peace to propound the preliminary question.

There was a verdict of not guilty, and the State appealed.

*Attorney General* for the State.
*No Counsel* for the defendant.

BOYDEN, J. No appeal is allowed on the part of the State where a general verdict of not guilty has been rendered.

This was decided as far back as 1809, in the case of the *State* v. *Jones*, 1 Mur. 257, again in 1824, in the case of the *State* v. *Taylor*, 1 Hawks, 422, and recently in the case of the *State* v. *Credle*, 63 N. C. R., 506. As no appeal could be

taken by the State, the question in regard to the competency of the evidence rejected, does not arise.

There is error. Appeal dismissed.

PER CURIAM. Error.