The offence was charged in the following indictment:
"The jurors for the State upon their oath present, that at a Superior Court, holden for the county of Warren, on the second Monday after the second Monday of February, A.D. 1872, at the Court House, in Warrenton, in said county, before the Honorable (82) William A. Moore, Judge of the said Court, one Wiley G. Coleman and one George Bobbitt, were in due form of law tried upon a certain indictment, then and there pending against them, by a certain jury of the Court then and there duly sworn and taken between the State and the said Wiley G. Coleman and George Bobbitt, in that behalf, for that they, the said Wiley G. Coleman and the said George Bobbitt, on the 1st day of January, A.D. 1872, with force *Page 78 
and arms, at and in said county of Warren, did unlawfully assemble together to disturb the peace of the State, and so being then and there, unlawfully assembled together, did mutually assault and beat each other, and to, with and against each other, in a public place, did fight and make an affray, to the terror and disturbance of divers of citizens of the State, then and there being, in contempt of the State and its law, and against the peace and dignity of the State.
And the jurors aforesaid, upon their oath aforesaid, do further present, that upon the trial aforesaid, one Stephen Bobbitt, late of said county, did then and there appear as a witness for and on behalf of the State, against the said Wiley G. Coleman and George Bobbitt, and that the said Stephen Bobbitt did then and there, in open Court, in the Court House aforesaid, before the said Judge, take his corporal oath, and was duly sworn upon the Holy Gospel of God, to speak the truth and the whole truth and nothing but the truth, touching the premises aforesaid, (the said Judge then and there having competent authority and power to administer the said oath to the said Stephen Bobbitt,) and it then and there became and was a material question upon the trial of the said Wiley G. Coleman and George Bobbitt, whether the said Wiley G. Coleman did strike the said George Bobbitt, before the George Bobbitt struck the said Wiley G. Coleman; and that it became and was then and there another material question upon the trial aforesaid, whether or not the said George Bobbitt retreated (83) thirteen or twelve steps before he, the said George Bobbitt, struck the said Wiley G. Coleman.
And the jurors aforesaid, upon their oath aforesaid present, that the said Stephen Bobbitt being sworn as aforesaid, wickedly devising and intending the due course of justice to pervert, and the said Wiley G. Coleman to injure, then and there, to-wit; On the 28th day of February, A.D. 1872, in the county aforesaid, before the said Judge in open Court, in the Court House aforesaid, on the said trial, falsely, knowingly, wickedly, wilfully and corruptly, by his own act and consent, did depose and give in evidence to the jurors of said jury, so sworn and taken between the said State and the said Wiley G. Coleman and the said George Bobbitt, to the effect, and in substance following: "Capt. Coleman, (meaning said Wiley G. Coleman,) struck George, (meaning said George Bobbitt,) two of three times before George struck him;" (meaning the said Wiley G. Coleman;) and in substance and to the effect following; "George, (meaning the said George Bobbitt,) give back (meaning said George, retreated,) thirteen or twelve steps before he struck Capt. Coleman," (meaning said Wiley G. *Page 79 
Coleman,) whereas, in truth and in fact, said Wiley G. Coleman did not strike George Bobbitt two or three times, or one time, before said George Bobbitt struck said Wiley G. Coleman. And the jurors aforesaid upon their oaths aforesaid, do say, that the said Stephen Bobbitt, at and upon said trial, to wit; on the 28th day of February, in the year last aforesaid, at and in the county aforesaid, in the said Court House, and before said Judge, (he, the said Judge, having then and there competent authority and power to administer the oath aforesaid, to said Stephen Bobbitt,) unlawfully and designedly did commit willful and corrupt perjury, contrary to the form of the statute, in such case made and provided, and against the peace and dignity of the State."
On the trial, the jury found the defendant guilty; and the counsel for the defendant, moved in arrest of judgment, upon the ground that the indictment was defective in the following (84) particulars, to wit;
1st. That it was not a material question, "Whether or not, said George Bobbitt retreated thirteen or twelve steps" before the said George Bobbitt struck the said Wiley G. Coleman; nor whether Coleman struck Bobbitt "two or three" times before Bobbitt struck him, as the bill states.
2d. The indictment does not charge that the defendant swore willfully and corruptly.
3d. That the traverse in the bill, of the statements of the defendant, upon which the perjury is assigned, is in the language of those statements, and therefore too broad, embracing circumstances wholly immaterial, and for this reason is calculated to mislead the jury.
His Honor allowed the motion, and ordered the judgment to be arrested; from which order, Solicitor Cox, on behalf of the State, appealed.
A motion in arrest of judgment, rests on error apparent upon the face of the record. It follows no statement of the case by the counsel is called for. Such statement tends to confuse and does not in any way aid the Court. We are obliged to examine the whole record and pronounce judgment according to the very right and merits apparent on the record.
The first ground for the motion in arrest is, that the indictment avers, "it became a material question whether Bobbitt retreated thirteen or twelve
steps before he struck Coleman." It is true, the *Page 80 
indictment need only to have averred, that it became a material question whether Bobbitt retreated, before he struck Coleman; but it is manifest, that the specification of "thirteen or twelve steps" is mere surplusage, and could in no wise prejudice the defendant. The same may be said of the averment as to striking "two or three times," (85) when an averment of a blow would have sufficed.
2. The indictment does not charge that the defendant "swore," but it does charge that he "deposed and gave in evidence to the jury wilfully and corruptly." This amounts, especially after verdict and under the statute to cure formal defects and prevent refinements, to a charge that he swore
willfully and corruptly.
3. The traverse of the statements of the defendant, on which the perjury is assigned, might have been more concise, but the defendant cannot complain, because it pursues his own words in taking the oath.
Error.
PER CURIAM. Judgment reversed.
Cited: S. v. Swepson, 83 N.C. 586; S. v. Moore, 84 N.C. 726; S. v.Lawson, 98 N.C. 762; S. v. Watkins, 101 N.C. 704; S. v. Harrison,104 N.C. 731.