## STATE v. WILLIAM B. ARMSTRONG.

From a general verdict of "not guilty" in the Court below, no appeal lies to this Court.

(*State* v. *Phillips*, 66 N. C. Rep. 646; *State* v. *Freeman*, Ibid, 647, cited and approved.)

CRIMINAL ACTION for refusing to work on a road, tried at the Fall Term, 1874, of TYRRELL Superior Court, before his Honor Judge EURE.

The action, originally commencing in a Justice's Court, (Bat. Rev., chap. 104, sec. 10,) was carried by appeal on the part of the State, to the Superior Court. On the trial in that Court, the Solicitor for the State offered to prove *by parol* that the defendant was liable to work the road, upon which he had been notified to work by the overseer. His Honor rejected the evidence. The Solicitor then asked his Honor to charge the jury, " that the State having proved that the defendant lived on said road, he was presumed to be a hand thereon and liable to work the same." This instruction his Honor declined to give, and charged the jury that the State having failed to prove that the defendant had been assigned as a hand to work said road, or that he lived in a road district in which the hands had been assigned to work said road, no case was made against the defendant, and he was entitled to an acquittal. To this charge the Solicitor excepted, for error in law.

The jury returned a verdict of " not guilty," whereupon the State appealed.

Attorney General *Hargrove*, for the State.
No counsel for defendant.

SETTLE, J. After the numerous decisions of this Court, holding that no appeal is allowed to the State, after a general verdict of " not guilty " has been recorded in favor of the defendant, we are unable to account for this appeal upon any other supposition than that the record does not develop the case intended to be presented. It may have been that there was a special verdict, but such does not appear, and we are bound by the record, which simply shows an appeal by the State, after a general verdict of " not guilty."

In addition to the authorities cited in *State* v. *Phillips*, 66 N. C, Rep., 646, to show that no appeal lies in such cases, we cite *State* v. *Freeman, ibid*, 647.

This disposes of the appeal and renders it unnecessary to notice the questions presented by the record.

Let this be certified to the Court, that the defendant may be discharged.

PER CURIAM.                    Appeal dismissed.