## STATE v. DAVID LANE.

### Practice—Appeal by State—Inferior Courts.

1. No appeal can be taken by the State to *any Court* from the action of an Inferior Court in sustaining a plea of former acquittal, although such plea is a mixed question of law and fact and the Court erred in not leaving it to the jury.

2. In this State, the right of the State to appeal has been recognized as existing in two cases, viz: (1) where judgment has been given for the defendant upon a special verdict ; (2) where a like judgment has been given upon a demurrer to an indictment or upon a motion to quash.

(*State* v. *Taylor*, 1 Hawks, 362 ; *State* v. *Alman*, 64 N. C. 364, cited and approved.)

INDICTMENT for Assault and Battery, tried at November Term. 1877, of EDGECOMBE Inferior Court, before *H. C. Bourne, W. T. Cobb* and *J. J. Battle, Justices of the Peace.*

The indictment charged the defendant and three others with an assault upon the prosecutor, and upon the trial the defenlant, Lane, pleaded former acquittal. This plea was sustained by the Court below, and the State appealed to this Court.

*Mr. John L. Bridgers, Jr.*, who prosecuted in the Court below, appeared with the *Attorney General* for the State.

*Mr. Fred. Phillips*, for the defendant.

RODMAN, J. 1. The first question presented is,—could the State appeal to any Court from the action of the Inferior Court which is set forth in the record ? The record proper states that the defendant pleaded a former acquittal and that the plea was considered by the Court, and then proceeds ; " It is ordered and adjudged by the Court that the said plea be and is in all respects sustained." From this judgment

the Solicitor appealed to this Court. The case, which we consider a part of the record, after setting out the evidence respecting the former trial, says, " The Court thereupon instructed the jury that the acts alleged in the second indictment against Lane and others were embraced in the charge contained in the first indictment against Lane, and they need not consider the case as against him at all. The Solicitor prayed an appeal to the Supreme Court and a verdict of not guilty was rendered under the direction of the Court." As the record proper shows that a verdict of not guilty was rendered as to the co-defendants of Lane, and does not show that any verdict was rendered as to him, we will understand the last quoted paragraph from the case as meaning no more than this, although its more natural sense would seem to be that Lane himself was acquitted.

Without departing from the question under consideration, we may say, that the Judge clearly erred in withdrawing from the jury the finding upon the issue, whether the fight for which the defendant had been formerly acquitted, was the same with that charged in the indictment then on trial and in undertaking to decide himself that question of fact, as he seems to have done. The plea of former acquittal is a mixed plea of law and fact and it must always be left to a jury under instructions from the Court to pass upon the fact, whether the offence charged against a defendant on trial, is identical with one for which he has been formerly tried.

Until lately no case could be found in the English Reports where a writ of error was allowed on behalf of the Crown in a criminal prosecution, and it has not yet been decided that such a writ may lawfully issue, as in the cases in which it did issue, the question was not made. No reference is found to it in the older books on criminal law, but the authorities may be found collected in 1 Bennett and Heard's Leading Criminal Cases, 610, in the note to the

cases of *People* v. *Corning,* 2 Coms. (N. Y.) 1, and *Commonwealth* v. *Cummings,* 3 Cush. (Mass.) 212.

From the cases there cited it will be seen that in many of the States it is held that the State has no appeal in a criminal case under any circumstances. In all, or nearly all, it seems to be held that where the right of appeal exists, it is given by statute; and that if it exists at all independently of a statute, it is confined to two cases only: One where the Inferior Court has given judgment for the defendant upon a special verdict, and the other where it has given a like judgment upon a demurrer to an indictment, or upon a motion to quash, which is considered as substantially similar.

In this State it has been recognized as existing in those two cases, but I am not aware that it has been in any others. Thus limited, the right may be defended by reasoning, although not expressly given by any statute, it violates no principle, and can never be used oppressively. Clearly in this State, an appeal by the State is not a general right, and if it is claimed in any case other than those mentioned, the claim must be derived from some statute conferring it.

The Act of 1876–'77, ch. 154, which establishes the Inferior Courts, provides for appeals by defendants to the Superior Courts, but it is silent as to any appeal on the part of the State. It is contended, however, that an appeal is given to the State by Art. IV, § 8, of the Constitution, which says: "The Supreme Court shall have jurisdiction to review on appeal any decision of the Courts below upon any matter of law or legal inference." Notwithstanding the broad language of this section, we do not think it was intended to give an appeal to the State from *all* decisions of law in either the Superior or other Courts, as it must do if it gives it in this case. To hold that it did, would be to deprive the defendant in many cases of the benefit of a sacred maxim of the common law, that no man shall be

put in jeopardy twice for the same offence. It was held in *State* v. *Taylor*, 1 Hawks, 362, (see also *Rex* v. *Bear*, 2 Salk. 646), that no appeal by the State will lie after a verdict of acquittal, notwithstanding it may be alleged that the Judge erred in instructing the jury as to the law. If an appeal did lie in such cases, it would or might be very oppressive to persons charged with crime. We are of opinion that as the State is not mentioned in the section cited, it was not intended to apply to the State as a party to a criminal prosecution, or to extend its right of appeal. If this construction be wrong, however, the Constitution by § 12 directs the Legislature to provide a proper system of appeals from the Inferior Courts, and acting under this direction it has provided a system which gives no appeal to the State. We cannot think that this omission was accidental. It seems to me that it was of purpose and, if I may express an opinion, was founded on sufficient reasons of public policy.

2. If the State possessed the right of appeal from any judgment of the Inferior Court, it seems to be clear that the judgment must at least be one which from its nature may be practically reversed, and the parties put *in statu quo.*

In the present case it does not appear that the Court made any decision but that sustaining the plea of former acquittal. By this we must understand that the Court held the plea sufficient in law. The error of the Court consisted, not in this, but in discharging the jury without requiring them to find any verdict as to the defendant. The defendant has simply never been tried. It may be that the discharge of the jury without any reason for it may prevent the defendant from being put on trial again. In a case of felony it clearly would. *State* v. *Alman*, 64 N. C. 364. If the doctrine of "once in jeopardy" applies in cases of misdemeanor, it cannot be evaded by an appeal by the State, which is in fact an appeal from an order dis-

STATE *v.* LANE.

charging the jury.   That is such an order as from its nature cannot be reviewed or reversed.

The jury charged with the defendant's case have separated, and the legal effects of their separation cannot be avoided by any decision of this Court, that the Court below erred in permitting them to separate.   The parties cannot be replaced *in statu quo* by any judgment of this Court. The question whether the defendant can be tried hereafter, notwithstanding the discharge of the jury, is not presented. That can arise only if he shall be again arrested.

PER CURIAM.                   .         Appeal dismissed.