*STATE v. GEORGE W. SWEPSON.

*Appeal, when allowed in state case.*

An appeal does not lie in behalf of the state in criminal actions, except where judgment is given for defendant upon a special verdict or upon demurrer to indictment or motion to quash. (The law relating to appeal and *certiorari* discussed by ASHE, J.)

(*State v. Lane*, 78 N. C., 547, cited, commented on and approved.)

MOTION made at Fall Term, 1879, of Wake Superior Court, before *Avery, J.*

After notice given, the state moved to amend the record, *nunc pro tunc*, of the trial of the defendant on an indictment for conspiracy and false pretense had at the spring term, 1875, of the superior court of Wake county, by making the record show that at the time the trial of the defendant was had, and a verdict of not guilty entered of record in the action, the defendant George W. Swepson was not present in said court, and that the solicitor representing the state at the said trial did not waive his presence. The motion was overruled by the court and the solicitor for the state appealed.

*Smith, C. J., having been of counsel for the state did not sit on the hearing of this case.

*Attorney General, Mason & Devereux* and *A. M. Lewis*, for the State.

*Messrs. Thos. Ruffin, D. G. Fowle* and *Merrimon & Fuller*, for the defendant.

ASHE, J.   The question presented for our consideration is, did the state have the right to appeal from the ruling of the court below?   The case has been fully and ably argued by the counsel for the state and the defendant, and numerous authorities cited, but the counsel for the state have failed to furnish us with a single state authority which has recognized the right of the state to appeal, except where judgment has been given for defendant upon a special verdict, and where a like judgment has been given upon a demurrer to an indictment or upon a motion to quash.   This court in the case of *State* v. *Lane,* 78 N. C., 547, held in these cases and these only may the state appeal; but from what source the right is derived we are not informed.   It seems rather to have obtained from the long practice of the courts than from any authority derived from the common law or statute. It was not given by the common law, for upon examination of the works of writers on criminal law, we have been unable to find that the practice of granting writs of error to the Crown in criminal prosecutions, has ever attained in the courts of Great Britain.   Some few instances are found but they are exceptional cases, the most notable of which is the case of *Regina* v. *Chadwick,* 11 A. & E., N. S., 205, which was brought before the Queen's Bench by a writ of error at the suit of the Crown, to reverse a judgment in favor of the defendant.   But in that case the whole question was upon a special verdict, and as the judgment was not reversed and the grounds on which the writ of error was maintained are not stated, it has been held not being strong authority.

By reference to Bacon's Abridgment, title, "jurisdiction of the court of King's Bench in criminal matters," the right

of granting writs of error to the Crown in criminal cases is nowhere mentioned, but it is stated that that court " by the plenitude of its power may as well proceed on indictments removed by *certiorari* out of inferior courts as on those originally commenced here."

From which it is to be inferred that cases were only brought up from inferior courts for review in that court by *certiorari*.

In Massachusetts it has been held that a writ of error does not lie in a criminal case in behalf of the commonwealth. *Commonwealth* v. *Cummings*, 3 Cushing, 212. In New York in the recent case of *People* v. *Corning*, 2 Comst., 1, the subject was fully considered and elaborately reviewed in the court of appeals, and that court came to the conclusion that a writ of error would not lie in behalf of the people after a judgment for the defendant. In Tennessee it has been decided by the supreme court of errors and appeals, that a writ of error or appeal in nature of a writ of error would not lie for the state in a criminal case. *State* v. *Reynolds*, 2 Haywood, (Tenn. Rep.,) 110. The same doctrine has been held in Virginia, *Commonwealth* v. *Harrison*, 2 Virginia Cases, 202, and also in Illinois, *People* v. *Dilk*, 1 Scammon, (Ill. Rep.,) 257. All these cases were decided in states where the common law was in force.

It is contended on the part of the state that if the right of appeal is not authorized by the common law, that it is given by section eight, article four of the constitution. But in the case of *State* v. *Lane, supra*, this court gave a construction to that very section, and held that it did not give an appeal to the state, and assigned the reason that as the state is not mentioned in the section, it was not intended to apply to the state as a party to a criminal prosecution. And this construction is strengthened by the act of 1876–'77, establishing inferior courts, in which provision is made for appeals to the superior courts, but is silent as to any appeal on

the part of the state, leaving its right of appeal as established by the decisions and practice of the courts.

Nor is the right of appeal given the state by any statute; not by section twenty-one, chapter four of the Revised Code, for although it declares that an appeal may be had in any cause, civil or criminal, it cannot be construed to give an appeal to the state; it provides that an appeal may be had on giving bond and adequate security, and as the state never gives a bond, it is evident the appeal given by that section in criminal cases applies to defendants and not to the state. And no such right can be claimed from chapter 17, section 296, *et. seq.,* of Battle's Revisal, (title xiii, ch. 1,) for it is made to apply expressly and exclusively to civil actions.

We are of the opinion the state had no right of appeal in this case. The appeal therefore is dismissed. Let this be certified to the superior court of Wake county.

PER CURIAM.                              Appeal dismissed.