STATE v. JOHN KEETER and another.

*Appeal—Judgment in arrest, final.*

1. On appeal by the state from an order arresting judgment in a criminal action, the transcript of the record erroneously showing the judgment below to be a "new trial," instead of "arrest of judgment," the appeal will be dismissed.

2. On such dismissal certified to the court below, it is not error in the judge to refuse to pronounce judgment upon the verdict, the adjudication of the court arresting judgment being final until reversed on appeal.

(*State* v. *Lane*, 78 N. C., 547, cited and approved.

APPEAL by the State from the refusal of a motion for judgment, made at Fall Term, 1879, of HENDERSON Superior Court, by *Graves, J.*

*Attorney General*, for the State.
The defendants not represented in this court.

DILLARD, J.   The defendants were indicted and convicted of forgery, at fall term, 1878, of Henderson superior court, and on the appeal of the solicitor for the state, the record showed the verdict of the jury to be set aside, and a new trial granted, while the statement of the case of appeal made out by the judge showed a verdict of guilty and judgment arrested. Such repugnancy appearing between the

record and the judge's case, the record controlled, and the appeal was dismissed on the ground that there had been no final adjudication.   See the case as reported in 80 N. C., 472.

On the certificate of dismissal going down, at fall term, 1879, on motion of the solicitor for the state, and with the assent of the defendants, then present, the record of the cause was amended so as to show verdict of guilty and judgment arrested, and appeal by the state, instead of showing as it did  verdict set aside and new trial granted.   This being done, the solicitor for the state moved for judgment, and His Honor refused the motion and  the state again appealed.

There was no error in refusing the motion of the state for judgment.   The record after  being made complete speaks a verdict of guilty by the jury, and arrest of judgment by the court.   A judgment is  the sentence of the law on facts charged in a bill of indictment sufficient  in  law to constitute the offence, and found  by the  jury or  admitted by the accused, and appearing in  the  record.   If these requisites appear of record, it is the  duty of the  court either to grant a new trial to a defendant or to pronounce judgment annexing the penal consequences prescribed· by law.   But if there be a substantial defect, in  either of these material particulars, apparent on the record, then no  penal consequence at· taches, and the law speaking through the judge will arrest judgment on the verdict.

The arrest of a judgment is a final adjudication, and the state may appeal therefrom as decided  in  *Lane's* case, 78 N. C., 547, and if not reversed on appeal, it is a  full discharge from that bill.

The appeal heretofore in this case was dismissed as being taken from an order granting a new trial; and so, that decision left the arrest of the judgment in the court below untouched, and it was in that situation when the judge refused the motion of the state for judgment from which the

appeal comes.  So long as that adjudication stands against pronouncing judgment, His Honor had not the power to pronounce any judgment on the verdict.   There is no error. Let this be certified.

PER CURIAM.                                             No error.