STATE v. THOMAS M. MOORE.

*Appeal by State—Refusal to mark one as prosecutor.*

The right of the state to appeal in criminal actions has been recognized in but four cases: 1. Where judgment has been given for defendant upon a special verdict. 2. Upon a demurrer. 3. Motion to quash. 4. Arrest of judgment. The state therefore has no right of appeal from the refusal of the court to mark one as prosecutor of record.

(*State* v. *Swepson*, 82 N. C., 541; *State* v. *Padgett, Ib.*, 544; *State* v. *Lane*, 78 N. C., 547; *State* v *Bobbitt*, 70 N. C., 81, cited and approved.)

MOTION in a criminal action to make a prosecutor of rec-

ord, heard at Fall Term, 1880, of PENDER Superior Court, before *Gudger, J.*

The indictment which was found in the criminal court of New Hanover county charged the obtaining of certain money from one C. C. Stevens by false pretence. The case was removed to Pender for trial, and placed on the docket of the superior court of that county at spring term, 1878; and at fall term thereafter the following order was made by the presiding judge; " Defendant discharged, cause continued." At fall term, 1879, on motion of the solicitor the court ordered that a *capias* issue, and the defendant by virtue thereof was again arrested. At spring term, 1880, on motion, it was ordered by the court that said C. C. Stevens be notified to show cause at the ensuing term why he should not be made the prosecutor of record, and the respondent accordingly appeared by counsel and answered the rule. His Honor found that it was at the respondent's instance that the indictment was instituted, but said Stevens was not marked as prosecutor at the time of sending the bill to the grand jury, and being of opinion that the act of 1879, ch. 49, providing for ascertaining and marking a prosecutor *after bill found* could only be made to apply to indictments commenced after the passage of the act, refused to grant the motion, and discharged the rule to show cause, from which ruling the solicitor for the state appealed.

*Attorney General,* for the State.
No counsel for respondent.

ASHE, J. We are not called upon to decide the question of law raised upon the ruling of His Honor in the court below, for the case is not properly constituted in this court. The state has no right of appeal in a case like this. Its right of appeal in a criminal action is not derived from the common law or any statute of this state, but has obtained

under the sanction of the courts by a long practice, and has been recognized in but four cases, to-wit: where judgment has been given for defendant upon a special verdict; upon a demurrer; a motion to quash; and arrest of judgment. *State* v. *Swepson*, 82 N. C., 541; *State* v. *Lane*, 78 N. C., 547; *State* v. *Bobbitt*, 70 N. C., 81; *State* v. *Padgett*, 82 N. C., 544.

The appeal must be dismissed. Let this be certified to the superior court of Pender county.

PER CURIAM.                                     Appeal dismissed.