STATE v. BENJAMIN POWELL and another.

*Appeal—Construction of Constitution—Prosecutor—Costs.*

1. The clause of the constitution (Art. IV., § 27,) providing that in criminal cases in a justice's court, "the party against whom judgment is given may appeal to the superior court, where the matter shall be heard anew," is for the benefit only of the party accused.

2. Where a party charged with an offence before a court of competent jurisdiction has been tried and acquitted, the result is final, and no appeal is allowed the state to correct errors of the court below, except where judgment is given for the defendant upon demurrer, special verdict, motion to quash or in arrest of judgment.

3 But so much of a judgment as is personal to the prosecutor of record and taxes him with the costs, may be appealed from, as in such case the proceeding assumes the character of a civil controversy.

4. Review of acts of assembly regulating appeals from justices' courts by SMITH, C. J., and their repugnancy to the constitution pointed out. Bat. Rev., ch. 33, §§ 114–124 ; Acts 1879, ch. 92 ; Acts 1881, ch. 210.

(*State* v. *Jones*, 1 Mur., 257 ; *Taylor*, 1 Hawks, 462 ; *Martin*, 3 Hawks, 381 ; *Credle*, 63 N. C., 506 ; *Phillips*, 66 N. C., 646 ; *West*, 71 N. C., 263 ; *Armstrong*, 72 N. C., 193 ; *Lane*, 78 N. C., 547 ; *Swepson*, 82 N. C., 541 ; *Moore*, 84 N. C., 724 ; *Tyler*, 85 N. C., 569, cited and approved )

INDICTMENT for assault and battery, tried at Fall Term, 1881, of ANSON Superior Court, before *Graves, J.*

The defendants, Powell and Edwards, were charged in a magistrate's warrant with committing an assault upon the person of the complainant, Henry Waddell. Upon the trial the defendants were acquitted, and the case dismissed at the costs of the prosecutor who thereupon appealed to the superior court. When the case was called in that court the defendants moved to dismiss the proceedings on the ground that it did not appear from the transcript of the justice that the prosecutor had authorized the justice to mark his name as prosecutor. The motion was overruled and the defendants excepted. The pleas of former acquittal and not guilty were then entered. The issue as to the former was first tried, and it appeared that the same offence here charged was tried before the justice, who had exclusive jurisdiction of the same, and defendants acquitted. The judge told the jury that the question of former acquittal was one both of law and fact, and directed them to find against defendants. To this the defendants excepted, and insisted that having been once tried and acquitted before a

41

court of competent jurisdiction, they could not be again held to answer the same charge in an appellate court. The issue upon the plea of not guilty was then tried, and also found against the defendants, who appealed from the judgment pronounced.

*Attorney General*, for the State.
*Messrs. Burwell & Walker*, for defendants.

SMITH, C. J. To guard the liberty of the citizen against the exercise of oppressive power in the new state government about to be formed, the authors of the constitution of 1776 inserted a provision in the declaration of fundamental rights, that no freeman should " be put to answer *any criminal charge* but by indictment, presentment or impeachment, nor be convicted of any crime but by the unanimous verdict of a jury of good and lawful men in open court, as heretofore used, §§ 8 and 9.

These sections are modified in the constitution of 1868, the first, so as to admit of the exception contained in an amendment added to the latter, in these words :

" The legislature may however provide other means of trial for petty misdemeanors *with the right of appeal*." § 13. In distributing the judicial power, section 27 of article 4 entitled " Judicial Department," confers upon justices of the peace, besides their restricted civil jurisdiction, the right to hear and determine " all criminal matters arising within their counties, when the punishment cannot exceed a fine of fifty dollars or imprisonment for one month," in place of which term, thirty days confinement has been, among recent changes in the organic law, substituted. The section also provides that when the power thus vested in these subordinate judicial officers shall be exercised, " the party against whom judgment is given may appeal to the superior court, where the matter shall be heard anew," securing

to the accused the ancient right, of which, but for the appeal he would be deprived, to have the question of his guilt passed upon and determined by a jury.

The two clauses contained in the bill of rights prefacing the original, and with the qualifications mentioned, reiterated in that prefacing the constitution of 1868, are utterances for the protection and security of persons who may be charged with crime, and not for its more efficient suppression and more certain punishment of the offender; and when authority is conferred upon the legislature to commit to inferior officers the trial of "*petty misdemeanors*" with the subsequent restriction upon the punishment to be awarded, and then only "with the right of appeal" to a court where the trial is to be *de novo* and before a jury, it must be understood that this restraint is imposed upon the legislature, and this declared right reserved for the benefit of the accused and for his security alone. The pre-existing law and practice recognized and enforced in numerous adjudications had settled the principle, that when a party charged with any offence before a tribunal of competent jurisdiction has been tried and acquitted, the result is final and conclusive, and no appeal is allowed the state to correct any error committed by the court, and this has been uniformly maintained since the adoption of the new constitution, as before. *State* v. *Jones*, 1 Murp., 257; *State* v. *Taylor*, 1 Hawks, 462; *State* v. *Martin*, 3 Hawks, 381; *State* v. *Credle*, 63 N. C., 506; *State* v. *Phillips*, 66 N. C., 646; *State* v. *West*, 71 N. C., 263; *State* v. *Armstrong*, 72 N. C., 193. The right of the state to appeal from erroneous rulings in the court below exists only where judgment is given for the defendant upon a demurrer to the bill, or upon a special verdict, or on a motion to quash or in arrest of judgment. *State* v. *Lane*, 78 N. C., 547; *State* v. *Swepson*, 82 N. C., 541; *State* v. *Moore*, 84 N. C., 724.

It can scarcely be supposed that the framers of our pres-

ent organic law intended so large a departure from a rule, established by so many decisions and so persistently en- forced, in authorizing an appeal by "the party against whom judgment is given" and a jury trial in the appellate court upon the merits of a criminal proceeding before a justice, to include the state as a *party* to the trial, and give to each an equal right to have the cause re-heard. It is a more reasonable interpretation of provisions, obviously de- signed for the personal security of an accused person, to restrict the application of the term used to the accused party against whom the judgment may have been rendered, and is in harmony with the uniform previous course of judicial procedure in all the courts of the state.

But the general assembly, very soon after the reorganiza- tion of the government, passed an act intended to enumer- ate the offences, of which, by reason of the restraint imposed upon the punishment, a justice might take cognizance, and to prescribe the conditions upon which he should assume jurisdiction and proceed to a determination of the cause. His authority to exercise final jurisdiction in the premises was confined to cases originating in the voluntary move- ment of the "party injured by the offence and without col- lusion with the accused," which with other requisites were to be set out in a complaint made in writing and on oath, and proved before him at the trial. Under these conditions, and subject to his estimate of the gravity of the offence and the adequacy of the limited punishment he could impose, he was permitted to enter upon the trial without a jury unless the complainant or accused demand a jury trial, and then with a jury, to decide the issue of the "guilt or inno- cence of the accused." From the judgment rendered "either the accused or the complainant" is allowed an appeal to the superior court and "in all cases of appeal the trial shall be anew without prejudice from the former proceedings." Bat. Rev., ch. 33, §§ 114 to 124. This enactment applies

only to prosecutions instituted by the aggrieved and injured party, and proceeds upon the idea that he and the wrong-dber are the parties to the criminal action, and the same rights should be accorded to each.

But these essential incidents to the exercise by a justice of the criminal jurisdiction vested in him under the constitution, are swept away by later legislation which commits to his cognizance certain specific misdemeanors, and all others, where the punishment is prescribed within the limits of the constitution, and dispenses with the preliminaries referred to and necessary under the former law. . Acts 1879, ch. 92; Acts 1881, ch. 210. The tenth section of the act of 1879 displaces section 124 in the act of 1869 allowing the appeal, and substitutes the following: "The party against whom such judgment shall be given may appeal to the superior court from the same, and the party injured may appeal if he shall be dissatisfied with the judgment, if he will authorize the justice to endorse his name upon the warrant as the *prosecutor*. When an appeal is taken the whole matter shall be heard anew in the superior court." This provision seems to contemplate the trial of a person charged with any of the criminal acts, previously mentioned, the prosecution of which is not required to begin with the voluntary action of the injured party, and so the latter is allowed to appeal only when he consents to appear as prosecutor, and the endorsement of his name as such upon the process. There would seem to be no necessity for this qualification of the right of appeal when, as in the preceding section, a party sues out a peace warrant for his personal protection against apprehended violence, since he is necessarily and from his relations to the subject matter of the proceeding, a prosecutor in such a case. If the allowance of the appeal when taken by the prosecutor from a decision or verdict of acquittal is intended, upon a fair construction of the act, to have the effect of removing the en-

tire cause to the superior court and then subjecting the accused to a second trial *de novo,* as if there had been none before, we are confronted with the question of its consistency with the guaranties and provisions of the constitution, and those personal securities, which under the former organic law were so tenaciously held by the citizen and so constantly upheld and asserted by our predecessors. Reluctant as the court is, and ought to be, to pronounce an act of the general assembly passed with deliberation, void because of its repugnancy to the constitution, and which it will only so declare when the repugnancy is manifest and free from reasonable doubt, the predominant authority of the latter must be maintained when they are irreconcilable, and this we do not hesitate to say of the provision of the act in question upon the suggested interpretation of its intent and meaning. In our opinion an acquitted defendant cannot be again put upon trial for the same offence at the instance of the state, neither in the form a second independent prosecution, nor of an appeal which attempts to avoid the results of a former trial in the same prosecution. In saying this, we do not dispute the efficacy of the appeal in removing for review so much of the adverse judgment as is personal to the prosecutor and taxes him with the payment of costs. To this extent the proceeding assumes the character of a civil controversy, and the legislation would not be obnoxious to the objections directed against a removal of the criminal charge, (after the accused has been found and adjudged not guilty,) which annuls the protection thus afforded and exposes the accused to another trial.

" *Nemo debet bis vexari pro una et eadem causa* is a principle of the common law, remarks SETTLE, J., in *State* v. *Credle, supra,* as well as of humanity." And BYNUM, J., declares in *State* v. *West,* already cited, that " when a defendant in a criminal action has once been tried and acquitted upon an indictment good in form, no appeal lies, even though the acquittal

is in consequence of an erroneous charge of the judge upon the law." The recent case of *State* v. *Tyler*, 85 N. C., 569, is but a reässertion of the same principle.

There was therefore error in the refusal of the court to dismiss the appeal and in proceeding to put the defendants again on trial, for the court did not acquire jurisdiction in the premises to do so by the appeal.

The finding the defendants not guilty by the justice put an end to the prosecution, and what was subsequently done in putting the defendants a second time in peril was without warrant of law.

This will be certified for the purpose of having the cause finally disposed of in accordance with this opinion, and it is so adjudged.

Error.                                                    Reversed.