## STATE v. J. T. NICHOLS.

### (Filed 1 February, 1939.)

**1. Criminal Law § 68a:  Courts § 2a—**

When defendant charged with a misdemeanor is found not guilty in the municipal court on "a special verdict" without the intervention of a jury, it amounts to an acquittal, and, the municipal court having jurisdiction, this ends the matter, the State having no right of appeal to the Superior Court.

**2. Criminal Law § 68a—**

The right of the State to appeal upon a special verdict, a demurrer, a motion to quash, or a motion in arrest of judgment, C. S., 4649, applies only to judgments rendered in the Superior Court.

**3. Cleaners, Dyers and Pressers § 1—Warrant held insufficient to charge violation of ch. 30, Public Laws of 1937.**

This prosecution was instituted to test the validity of ch. 30, Public Laws of 1937. The warrant charged that defendant "did unlawfully . . . operate a press shop" without obtaining a license. *Held:* The act sought to be challenged applies only to those who "engage in the business" or "who shall continue to do the business" defined in the act, and does not perforce apply to those who operate the business.

**4. Appeal and Error § 40g—Constitutionality of statute will not be decided unless the question is properly presented.**

The constitutionality of a statute will not be determined unless the question is properly presented, and when on appeal from a conviction in the Superior Court for violation of a statute, it appears that the State had no right to appeal to the Superior Court from acquittal in the municipal court, and that the warrant was insufficient to charge a violation of the statute, the judgment of the Superior Court will be vacated and the appeal dismissed.

APPEAL by defendant from *Sink, J.,* at September Term, 1938, of FORSYTH.

Criminal prosecution tried upon warrant charging the defendant with operating a press shop without first making application for a press-shop license and paying the annual license fee of $10, in violation of ch. 30, Public Laws 1937.

The case was originally tried in the municipal court of the city of Winston-Salem, where the court made certain findings, and upon such findings rendered "a special verdict to the effect that the defendant, J. T. Nichols, is not guilty of the crime charged in the warrant."

From this "special verdict and judgment," the State, in open court, gave notice of appeal to the Superior Court of Forsyth County.

In the Superior Court, the case was tried *de novo*. The jury returned a special verdict, upon which the court directed a verdict of guilty to be entered, and taxed the defendant with the costs.

Defendant appeals, assigning errors.

*Attorney-General McMullan for the State, appellee.*
*Brooks, McLendon & Holderness and John W. Caffey, amici curiæ.*
*Ira Julian and John D. Bellamy & Sons for defendant, appellant.*

STACY, C. J. The purpose of this appeal is to test the constitutionality of chap. 30, Public Laws 1937, being "An Act to Regulate the Business of Cleaning, Dyeing and/or Pressing."

The effort must fail on the instant record. *S. v. Lueders,* 214 N. C., 558.

In the first place, the defendant is charged with a misdemeanor (if, indeed, he be charged with any offense), and he was found not guilty in the municipal court on "a special verdict" without the intervention of a jury, which amounted to an acquittal. *S. v. Camby,* 209 N. C., 50, 182 S. E., 715. This put an end to the matter, as the court had jurisdiction of the alleged offense, and no appeal to the Superior Court is vouchsafed to the State in such cases. *S. v. Jones,* 5 N. C., 257; *S. v. Savery,* 126 N. C., 1083, 36 S. E., 22; *S. v. Ostwalt,* 118 N. C., 1208, 24 S. E., 660; McIntosh N. C. Prac. & Proc., 818, *et seq. Cf. S. v. Lane,* 78 N. C., 547.

Speaking to the subject in *S. v. Powell,* 86 N. C., 640, *Smith, C. J.,* delivering the opinion of the Court, said: "And when authority is conferred upon the Legislature to commit to inferior officers the trial of *'petty misdemeanors'* with the subsequent restriction upon the punishment to be awarded, and then only 'with the right of appeal' to a court where the trial is to be *de novo* and before a jury, it must be understood that this restraint is imposed upon the Legislature, and this declared right reserved for the benefit of the accused and for his security alone. The preëxisting law and practice recognized and enforced in numerous adjudications had settled the principle that when a party charged with any offense before a tribunal of competent jurisdiction has been tried and acquitted, the result is final and conclusive, and no appeal is allowed the State to correct any error committed by the court, and this has been uniformly maintained since the adoption of the new Constitution, as before. *S. v. Jones, supra; S. v. Taylor,* 8 N. C., 462; *S. v. Martin,* 10 N. C., 381; *S. v. Credle,* 63 N. C., 506; *S. v. Phillips,* 66 N. C., 646; *S. v. West,* 71 N. C., 263; *S. v. Armstrong,* 72 N. C., 193."

Secondly, the right of the State to appeal to the Supreme Court, where judgment has been given for the defendant upon (1) a special verdict, (2) a demurrer, (3) a motion to quash, or (4) a motion in arrest of judgment, as provided by C. S., 4649, applies only to judgments rendered in the Superior Court. *Rhyne v. Lipscombe,* 122 N. C., 650, 29 S. E., 57.

Moreover, it is observed that the act here sought to be challenged, applies only to those who "engage in the business" or "who shall continue to do the business" of dry cleaning, dyeing, and/or pressing, and does not perforce apply to those who operate the business, unless they also "engage in the business," or "continue to do the business," as defined in the act. *S. v. Julian,* 214 N. C., 575; *S. v. Crayton, ibid.,* 579. The warrant here charges that the defendant "did unlawfully . . . operate a press shop." *S. v. Smith,* 211 N. C., 206, 189 S. E., 509.

These defects, though observed *sua sponte,* preclude a consideration of the constitutional question. *S. v. Lueders, supra; S. v. Smith, supra; S. v. Shipman,* 203 N. C., 325, 166 S. E., 298; *S. v. Beasley,* 196 N. C., 797, 147 S. E., 301.

The judgment of the Superior Court will be vacated and the appeal dismissed.

Judgment vacated. Appeal dismissed.