STATE OF NORTH CAROLINA v. C. A. McCOLLUM.

(Filed 3 January, 1940.)

**1. Criminal Law § 68a—**

The State may appeal only upon a judgment upon a special verdict, upon a demurrer, upon a motion to quash, or upon arrest of judgment. C. S., 4649.

**2. Same—State may not appeal from adjudication that the duty to make payments required as special condition of probation had terminated.**

In a prosecution for manslaughter, judgment was entered providing that prayer for judgment and sentence be continued and that the defendant be

24—216

placed on probation for a period of five years. with further order that as a special condition of probation the defendant should pay a designated sum weekly into the office of the clerk for a period of five years for the use of the mother of the deceased. Upon defendant's petition filed after the death of the mother within the five-year period, the court adjudged that the requirement for the payment of the sum had terminated and abated on her death. *Held:* The State may not appeal from the order, there being no statutory authority for appeal by the State in such circumstances.

**3. Criminal Law § 56—**

A motion in arrest of judgment is one made after verdict and to prevent entry of judgment, and is based upon the insufficiency of the indictment or some other fatal defect appearing on the face of the record, and the granting of defendant's petition that he be relieved of further payments required of him by prior order as a special condition of probation, is not equivalent to arrest of judgment.

APPEAL by the State from *Alley, J.,* at October Term, 1939, of FORSYTH. Appeal dismissed.

*Attorney-General McMullan and Assistant Attorney-General Bruton for the State.*
*Winfield Blackwell, amicus curæ.*
*Elledge & Wells for defendant.*

DEVIN, J. This case comes to us upon an appeal by the State from a judgment rendered by the court below upon the petition of the defendant for the construction of the judgment heretofore entered in the cause. The material facts are these. At June Term, 1938, the defendant McCollum pleaded guilty to the charge of manslaughter for the unlawful slaying of one Melton Fields. The judgment entered by the judge presiding at that term provided that the prayer for judgment and sentence be continued, and that defendant be placed on probation for a period of five years, under the supervision of the North Carolina Probation Commission. It was further ordered that as a special condition of probation the defendant should "pay into the office of the clerk of the Superior Court for the use and benefit of Lola Fields, mother of the deceased, the sum of six dollars per week for a period of five years." In March, 1939, Lola Fields died. Defendant thereupon petitioned the court that he be relieved of further payments. A counter petition was filed by Essex Fields, father of the deceased Melton Fields and husband of Lola Fields, praying that the judgment be construed to require continuance of payments by defendant for the benefit of himself or the brothers and sisters of deceased.

The court below found that the defendant had complied with all the terms of the probation order, and adjudged that the requirement for the

payment of six dollars per week for the use and benefit of Lola Fields had terminated and abated on her death, and authorized defendant to discontinue further payments. The State excepted and appealed.

Under the common law no appeal lay from a judgment adverse to the sovereign, and there is no statute in North Carolina authorizing an appeal by the State under the circumstance disclosed by the record in this case. *S. v. Jones,* 5 N. C., 257; *S. v. Swepson,* 82 N. C., 541; *S. v. Savery,* 126 N. C., 1083, 36 S. E., 22. The statute, C. S., 4649, provides that an appeal to this Court may be taken by the State in the following cases, and no other: (1) Upon a special verdict, (2) upon a demurrer, (3) upon a motion to quash, (4) upon arrest of judgment.

In *S. v. Swepson, supra,* it was held the State did not have right of appeal from the denial of its motion to amend, *nunc pro tunc,* the record of a previous trial. To the same effect is the holding in *S. v. Hinson,* 123 N. C., 755, 31 S. E., 854, and *S. v. Davidson,* 124 N. C., 839, 32 S. E., 957.

The cases cited by appellant are not in point. In *S. v. Beatty,* 66 N. C., 648, a bastardy case under the law then in force, the appeal was taken by the relator; and in *S. v. Parsons,* 115 N. C., 730, 20 S. E., 511, another bastardy case, the prosecutrix appealed.

Nor may the appeal be entertained on the ground that the ruling below was equivalent to the allowance of a motion in arrest of judgment. The phrase "arrest of judgment," as used in the statute, must be understood in its ordinary legal significance. *S. v. Moody,* 150 N. C., 847, 64 S. E., 431. A motion in arrest of judgment is one made after verdict and to prevent entry of judgment, and is based upon the insufficiency of the indictment or some other fatal defect appearing on the face of the record. *S. v. Roberts,* 19 N. C., 541; *S. v. Bordeaux,* 93 N. C., 560; *S. v. McKnight,* 196 N. C., 259, 145 S. E., 281; *S. v. Bittings,* 206 N. C., 798, 175 S. E., 299; *S. v. Linney,* 212 N. C., 739, 194 S. E., 470.

Appeal dismissed.