STATE v. BENNIE RAY.

(Decided February 22, 1898.)

*Courts—Superior and Inferior Courts—Appeal—Jurisdiction—Constitutional Law.*

1. Appeals can come to this Court only through the Superior Courts; and, hence, Section 5 of Ch. 75, Acts of 1895, providing that appeals lie from a Circuit Criminal Court, established by that Act, direct to this Court is in derogation of the constitutional provisions in regard to the Superior Courts.

2. Where an appeal is improvidently taken from an inferior Court direct to this Court, it will be dismissed and the appellant will be remitted to his right to *certiorari* from the Superior Court and to an appeal from the latter if said appeal becomes necessary and desirable.

STATE *v.* RAY (BENNIE).

INDICTMENT for keeping a bawdy house tried before *Ewart, J.,* at July, 1897, Term of the Circuit Criminal Court for Buncombe County. The court was asked to charge the jury that the Criminal Circuit Court had no jurisdiction of this case for the reason that the legislature, at its session of 1895, had given the jurisdiction of the offence charged in the indictment to the mayor of the city of Asheville, it appearing in the proof offered by the State that the offence, if any offence had been committed, was committed in the city of Asheville. This instruction was refused. There was verdict of guilty, motion in arrest of judgment on the ground that the court could not proceed to judgment for want of jurisdiction. Motion over-ruled. The judgment of the court was that the defendant be confined in the common jail of Buncombe for six months, and the defendant appealed.

*Mr. Zeb V. Walser, Attorney General,* for the State.
*Messrs. F. A. Sondley* and *E. D. Carter,* for defendant (appellant.)

CLARK, J.: Section 3 Chapter 75, Acts of 1895, (by which Act the Criminal Circuit Court of Buncombe, Madison, Haywood and Henderson Counties was created) confers upon said court (1) exclusive original jurisdiction of all crimes, misdemeanors and offences committed within the Counties composing said districts, fully and to the same extent as the Superior Courts of the State, and (2) exclusive appellate jurisdiction of all offences tried and determined before a justice of the peace in said counties. In the case of *Rhyne v. Lipscombe,* (*ante,* 650,) we have held the first provision to be within the purview of section 12, Art. IV, of the Constitution, but the second provision was held void, being in

STATE *v.* RAY (BENNIE).

conflict with section 27 of the same Article which provides that the appeal lies from justices of the peace in both civil and criminal actions to the Superior Court of the County. Section 5 of said Chapter 75 provides that appeals lie from said criminal court direct to this court, but in the case just cited we have felt constrained to hold that this is in derogation of the constitutional provisions in regard·to the Superior Courts from which alone appeals lie to this court. While the power of this legislature to create such courts has been adjudged (*State* v. *Jones*, 97 N. C., 469; *Ewart* v. *Jones*, 116 N. C., 570) the right of a direct appeal therefrom to this court has not before this term been ruled upon. The appeal having been improvidently taken must be dismissed. The appellant will take his appeal by *certiorari* or otherwise, as he may be advised to the Superior Court of Buncombe County and from the judgment of that court, should it be adverse to him, an appeal can be prosecuted, should he so desire, to this court.

Appeal Dismissed.