STATE v. JASPER HINSON.

(Decided December 23, 1898.)

*Criminal Courts—Appeals.*

1. While a defendant convicted in the Circuit Criminal Court can appeal
   to the Superior Court, he is not entitled to a trial *de novo* there, but
   only to a review of questions of law passed upon by the Inferior
   Court.

2. The cause goes from the Criminal to the Superior Court by appeal, as
   it does from the Superior to the Supreme Court. The appeal
   should contain a concise statement of the case, as in appeals to this
   Court from the Superior Courts.

3. The State can only appeal in criminal cases to the Supreme Court in
   the instances specified in Section 1237 of *The Code.*

INDICTMENT for murder.

The prisoner was indicted for the murder of Jim
Crawford in the First Criminal Circuit Court for Meck-
lenburg County, held by *Sutton, J.*, at June Term, 1898,
and was found guilty of murder in the first degree.
From the judgment pronounced he appealed to the Su-
perior Court of MECKLENBURG County, and his appeal
came on to be heard at October Term, 1898, of the Su-
perior Court before *Starbuck, J.*

The prisoner claimed a trial *de novo.* The Solicitor
contended that only questions of law arising in the case
should be passed upon.

His Honor adjudged that the defendant is entitled to
a trial *de novo* in the Superior Court. From this judg-
ment the Solicitor appeals to the Supreme Court.

Appeal granted.

*Mr. Zeb V. Walser, Attorney General*, for the State, (appellant).

*Messrs. Osborne, Maxwell & Keerans*, and *Clarkson & Duls*, for the prisoner.

FAIRCLOTH, C. J.: The defendant was indicted in the Circuit Criminal Court of Mecklenburg County for murder and convicted. The case was certified to the Superior Court of said county, and there the defendant claimed the right to have his case tried on its merits before a jury.

The Solicitor of the Superior Court contended that his Honor should only hear and pass upon questions of law presented in the record from the Criminal Court. His Honor ruled that the defendant was entitled to a trial *de novo* in the Superior Court, and the Solicitor appealed.

The appeal must be dismissed, as it is not one of the only instances in which the State can appeal. *Code*, Sec. 1237; *State v. Moore*, 84 N. C., 724. The question argued is of such public importance that we have no hesitancy in passing on it without further delay.

In *State v. Ray*, 122 N. C., 1097, it was held that the Act of 1895, Ch. 75, Sec. 5, providing that appeals to the Supreme Court may be prosecuted from the judgments of said Criminal Courts in the same manner as from the Superior Courts, was unconstitutional, and that decision applies equally to the same Act, Ch. 156, Sec. 5. *Tate v. Commissioners*, 122 N. C., 661. No appeal can lie from a Criminal or Inferior Court direct to the Supreme Court. *State v. Hanna*, 122 N. C., 1076. The appeal must be taken to the Superior Court and thence to the Supreme Court. *Rhyne v. Lipscombe*, 122 N. C., 650.

STATE *v.* HINSON.

Recurring to the main question, was the defendant entitled to a trial *de novo* in the Superior Court? The question is answered by *The Code*, Sec. 809 (Acts 1879, Chapter 141 ; Constitution, Article IV, Section 8) in these words: "The practice, pleading, process and procedure in such (Inferior) courts shall be in all respects as provided for the Superior Courts. Appeals may be taken from these courts to the Superior Courts in term time for error assigned in *matters of law* in the same manner and under the same restrictions provided by law for appeals from the Superior Courts to the Supreme Court, and the final decision of each Superior Court shall be certified to the court below that final judgment may be rendered."

In *State* v. *Thompson*, 83 N. C., 595, and *State* v. *Ham*, Ibid 590, it was expressly held that a defendant convicted in the Inferior Court was not entitled to a trial *de novo* upon an appeal to the Superior Court, but only to a review of questions of law passed upon by the Inferior Court. Our conclusion is that the defendant was not entitled to a trial *de novo* in the Superior Court, but only to a review of matters of law or legal inference found in the case on appeal from the Criminal Court. Under the broad provisions of *The Code*, Section 809, the cause goes from the Criminal to the Superior Court by *appeal*, as it does from the Superior to the Supreme Court. The appeal should contain a concise statement of the case, as in appeals to this Court from the Superior Courts.

Appeal dismissed.