THE FARMERS COTTON OIL COMPANY v. BLUE RIDGE GROCERY COMPANY.

(Filed 29 September, 1915.)

**1. Courts, Special—Legislative Powers—Constitutional Law.**

Section 27, Article IV of our Constitution should be construed with sections 12 and 14 thereof, and the latter sections modify the first named so as to authorize and empower the Legislature to establish special courts in cities and towns and confer jurisdiction upon them without regard to its provisions and limitations.

**2. Same—Process to Other Counties—Justices of the Peace—Statutes.**

An act establishing the County Court of Wilson County declared the same to be a court of record, provided for an official seal for the court and for a judge and solicitor, each to hold office for stated terms at specified salaries, and to take oaths similar to such positions in the Superior Courts; and conferred concurrent jurisdiction with the Superior Courts and justices of the peace in certain criminal and civil matters; and that process issue out of said county under its seal "as is now provided by law in cases of processes issuing from the Superior Court." *Held,* civil processes issuing from the court, prior to chapter 11, Laws of 1915, are valid when issued to other counties, and when falling within the jurisdiction conferred, though the matter involved, in civil actions, falls within the concurrent jurisdiction of justices of the peace, upon whom such jurisdiction has not been conferred, except where one of several defendants resides in the county. Revisal, sec. 1447, has no application.

WALKER, J., dissents.

APPEAL by plaintiff from *Carter, J.,* at the June Term, 1915, of WILSON.

Civil action, heard on appeal from the county court of Wilson County, and on motion to dismiss. A very succinct statement of case, making clear presentation of the question raised, is given in briefs of counsel; that of appellant being as follows:

"The action was instituted in the county court for Wilson County. On 15 December, 1914, the plaintiff, a corporation with its home office in Wilson County, instituted this action against the defendant, a corporation, whose home office is in Buncombe County. The summons, under the seal of the county court for Wilson County, was served on the defendant by the sheriff of Buncombe County on 18 December, 1914; the complaint declared on a breach of contract theretofore existing be-

tween the plaintiff and the defendant, and demanded the recovery of $166.25 as damages for the breach of contract.

"In the county court for Wilson County the defendant entered a special appearance and moved to dismiss the action for that the court was exercising a jurisdiction concurrent with the jurisdiction of justices of the peace of Wilson County, and, under sections 1447 to 1450 of the Revisal, could not send its summons out of Wilson County, and having never properly acquired jurisdiction of the person of that defendant, did not have power to try the case. The motion was overruled, the defendant excepted, and the trial of the case was had on its merits, resulting in a judgment adverse to the defendant, from which judgment the defendant appealed to the Superior Court of Wilson County.

"The special appearance and motion to dismiss by the defendant were renewed in the Superior Court, and his Honor, *Judge Carter,* sustained the motion of the defendant; whereupon the plaintiff excepted to the judgment dismissing the action, and appealed to the Supreme Court.

*W. A. Lucas for plaintiff.*
*Mark W. Brown and F. D. Swindell for defendant.*

HOKE, J. In *S. v. Baskerville,* 141 N. C., p. 811, it was in effect decided that section 27, Article IV of the Constitution, conferring jurisdiction on justices of the peace, is so modified by sections 12 and 14 of the same article as to authorize and empower the Legislature to establish special courts in cities and towns and confer jurisdiction upon them without regard to the provisions and limitations of the former section.

Pursuant to the principle declared in this case and others of like import, the Legislature, at the Special Session, 1913, Public-Local Laws, Extra Session, 1913, ch. 239, established "The County Court of Wilson County," declaring same to be a court of record; provided for a judge to hold his office for two years, at a salary of $1,200 per annum, and to take the same oath as a Superior Court judge; also for a solicitor, at a salary of $600 per year, to take an oath similar to that of solicitors of the Superior Court.

It provides, also, for an official seal, and conferred jurisdiction of certain criminal causes and also original and concurrent jurisdiction with the Superior Court of Wilson County and of justices of the peace of all notes and other contracts, etc., where the amount involved shall not exceed $500, and all actions sounding in tort where the value of the property in controversy does not exceed $200, of foreclosures and mortgages, where "no defense is set up," etc. And in all criminal actions of which the court has jurisdiction, justices of the peace, mayors or incorporated towns, etc., when acting as committing magistrates, shall

bind the parties over to said county court, where probable cause is shown. After making minute regulations as to terms of said court, the jurisdiction of the same and procedure therein, the act, sec. 25, contains provision, "That whenever any process is issued out of said court, directed to any county other than the county of Wilson, either civil or criminal, said process shall bear the seal of said court, as is now provided by law in cases of processes issuing from the Superior Court."

Having regard to the authority and jurisdiction conferred and from the clear import of this, the closing section of the act, we think it was clearly contemplated and provided that process from this court, under the seal thereof, should run into any county of the State in any cause of which the court had jurisdiction.

There is nothing in our organic law which inhibits the enactment of such a statute, and, in our opinion, under the law as it then existed, the judgment rendered against the defendant should have been upheld.

It is argued, in support of his Honor's ruling, that in *Rhyne v. Lipscombe,* 122 N. C., p. 656; *S. v. Lytle,* 138 N. C., 741, and other cases, it is strongly intimated, if not decided, that the jurisdiction conferred on the justices of peace by section 27, Article IV of our Constitution could not be altered or interfered with to the extent undertaken by this law. But, as shown in *Baskerville's case,* the question before the Court and which was decided in *Rhyne v. Lipscombe* was on the constitutional authority and jurisdiction of our Superior Courts as an appellate and supervising tribunal over courts of justices of the peace and all other courts inferior to the Supreme Court which the Legislature might establish. Construction of section 27 of Article IV, as affected by sections 12 and 14 of said article, vesting the Legislature with power in certain cases to establish special courts, was in no way involved. And, as stated in *S. v. Lytle, supra,* the modification in section 27, by these former sections 2-12 and 14, was then treated as an open question, determined later in *S. v. Baskerville.*

It was further urged for appellee that, as to amounts coming within a magistrate's jurisdiction, as in this case, the court was without power to send its process beyond the county of Wilson, by reason of section 1447, Revisal; that prohibiting a justice of the peace from sending process out of his own county unless "one or more *bona fide* defendants shall reside in and one or more *bona fide* defendants shall reside out of the county," etc.

But this section, in express terms, applies only to justices of the peace, and there was, at that time, nothing in this or any cognate section of the Revisal which would extend to or include a court of this character.

The matter has now ceased to be of much practical moment, as the General Assembly of 1915, recognizing that the power in these local courts to send its process for small amounts into any county of the

State might, at times, be abused and become the source of great hardship, passed an act, chapter 11, Laws 1915, providing "that the process of any recorder's court, county court or other court inferior to the Supreme Court of the State, when said court is exercising jurisdiction of a justice of the peace in civil matters, shall run only as does the process of the court of a justice of the peace for the county where such court is located, and that the act shall not affect actions pending at the date of its ratification. The act is entitled "An act to restrict the running of process of courts inferior to Supreme Courts."

Having regard to the language of the statute and its evident purpose, it is clear that the Legislature intended to provide, and has provided, that in civil matters processes of these local courts shall not run into other counties in those causes that were within the jurisdiction of a justice of the peace, except where a justice could so send valid process.

This will be certified, that the judgment of the Superior Court be reversed, and judgment entered for plaintiff.

Reversed.

Walker, J., dissenting.