### JENNIE LENOIR COOK v. T. F. BAILEY.

(Filed 2 December, 1925.)

**1. Courts — Appeal from County Court to Superior Court — Statutes—Judgments—Motions—Appeal and Error.**

Where the statute provides for an appeal from the county court to the Superior Court for errors assigned in matters of law, in the same manner and under the same requirements as are provided by law for appeals from the Superior to the Supreme Court, etc., upon the refusal of the county court judge to set aside a judgment of his court for surprise or excusable neglect, the Superior Court is without jurisdiction to find additional facts as to a meritorious defense in this case, and thereon grant the relief prayed for in the motion.

**2. Appeal and Error—County Court—Superior Court—Supreme Court.**

Appeals from a statutory county court must be taken intermediately to the Superior Court, from which the appeal then lies to the Supreme Court.

**3. Appeal and Error—Inferior Court—Superior Court—Statutes—Trials.**

Upon an appeal from the statutory county court to the Superior Court, on refusal of a motion to set aside a judgment for excusable neglect, etc., the trial is not *de novo* in the latter court.

APPEAL by plaintiff from *Finley, J.,* September Term, 1925, FORSYTH. Reversed.

This was an action for damages brought by plaintiff against the defendant. Summons was issued on 11 February, 1924, and duly served. Complaint filed 10 April, 1924, defendant filed answer 23 July, 1924, denying material allegations of the complaint. Defendant employed an attorney, resident of Davie County, N. C., who filed the answer representing him. Defendant is a resident of Davie County. Plaintiff obtained a judgment against the defendant in the county court of Forsyth County on 8 April, 1925. Neither the defendant nor his attorney was present at the trial. A motion made by another attorney is as follows: "The defendant, T. F. Bailey, hereby moves the court to relieve him from the judgment rendered in the above styled matter during the term of the Forsyth County Court commencing on 6 April, 1925, for mistake, surprise and excusable neglect, as provided for by C. S., 600." This motion was heard by Raymond G. Parker, judge presiding, of the Forsyth County Court, on 2 and 18 May, 1925. Numerous affidavits were filed by plaintiff and defendant, as will appear from the record. The judge of the county court found the facts. Among the facts found was: That because "attorney for defendant could not be present at the trial on account of other business engagement on 6 April, 1925, when case was calendared for trial, it was continued until Wednesday, 8 April, 1925, when it was

tried in the absence of defendant and his counsel." Part of other facts found: "Complaint was filed 10 April, 1924, and answer filed 23 July, 1924, denying the material allegations of the complaint, which shows a meritorious defense. . . . That the defendant, about the middle of the week prior to the week of 6 April, 1925, inquired of his attorney . . . of Mocksville, Davie County, the status of his case, and that his attorney stated that he had received a letter from the attorney for the plaintiff, stating that a calendar would be made out on 6 April, and that he would find out the date when it would be tried, and would notify defendant. That . . . attorney for the defendant, did not notify defendant that the case was on the calendar for trial. That this case had been on regular calendar for several terms prior to the April 6th Term, 1925, and had been continued at the request of the defendant. That the defendant never employed any attorney in this case except . . . a practicing attorney of Mocksville, Davie County, N. C., and did not employ any attorney regularly practicing in Forsyth County. Wherefore, upon the foregoing facts, the court holds that there is no mistake, surprise or excusable neglect which would warrant the setting aside of the judgment heretofore rendered and the motion to set aside and vacate the judgment is denied."

Defendant appealed from this judgment to the Superior Court of Forsyth County. The case was heard before Hon. T. B. Finley, judge presiding, who found additional facts to those found by the judge of the county court and among these additional facts is the following: "That the defendant has a meritorious defense to this action." Judge Finley, after setting forth the additional facts found, rendered the following judgment: "It is therefore ordered, adjudged and decreed that the judgment of Forsyth County Court rendered in this cause for $600 at the April Term, 1925, of Forsyth County Court, be and the same is hereby set aside, and the judgment rendered in this cause refusing to set aside the said judgment for $600, be and the same is hereby set aside, and the defendant is given a new trial."

Plaintiff excepted to the judgment, etc., assigned error and appealed to the Supreme Court.

*Horace M. DuBose and Jno. C. Wallace for plaintiff.*
*Swink, Clement & Hutchins and Archie Ellege for defendant.*

CLARKSON, J. Section 6(a), Public-Local Laws 1915, chap. 520, establishing "Forsyth County Court" is as follows: "That appeals may be taken by either the plaintiff or the defendant from the Forsyth County Court to the Superior Court of Forsyth County in term-time for errors assigned in matters of law in the same manner and under the same

requirements as are now provided by law for appeals from the Superior Court to the Supreme Court, with the exception that the record may be typewritten instead of printed and only one copy thereof shall be required; that the time for taking and perfecting appeals shall be counted from the end of the term; that upon appeals from the Forsyth County Court the Superior Court may either affirm, modify and affirm the judgment of Forsyth County Court, or remand the cause to the county court for a new trial."

It will be noted that the appeal from the Forsyth County Court to the Superior Court is for "errors assigned in matters of law in the same manner and under the same requirements as are now provided by law for appeals from the Superior Court to the Supreme Court." Appeals must be taken from an inferior court to the Superior Court and thence to the Supreme Court. *Rhyne v. Lipscombe,* 122 N. C., 650; *S. v. Lytle,* 138 N. C., 741; *Oil Co. v. Grocery Co.,* 169 N. C., 523; *Hosiery Mills v. R. R.,* 174 N. C., 453; *Sewing Machine Co. v. Burger,* 181 N. C., 241; *Thompson v. Dillingham,* 183 N. C., 568.

In *S. v. Thompson,* 83 N. C., p. 596, the question presented to the Court, from an appeal from the inferior court of Chatham County to the Superior Court of said county, was "whether a defendant who had been tried and convicted by a jury in the inferior court, upon his appeal to the Superior Court has a right to a trial by a jury *de novo* in that court," *Ashe, J.,* said, the "question has been decided at this term in the case of *S. v. Ham, ante,* 590, where it was held that on an appeal from the inferior to the Superior Court from a judgment rendered in the former court upon a verdict of guilty, the defendant had no right to a trial *de novo,* upon the facts of his case, in the latter court, but only to have his case reviewed upon any decision in the inferior court on any matter of law or legal inference that may have arisen on his trial in that court, in the same manner and under the same restrictions provided now by law for appeals from the Superior to the Supreme Court of the State." In the *Ham case, supra,* the statute of the inferior court, in reference to appeals to the Superior Court, was practically the same as the one here in the Forsyth County Court. *S. v. Hinson,* 123 N. C., p. 755.

The Superior Court on appeal, under the statutory provisions in the act establishing Forsyth County Court, could only hear errors of law. Under the act the Superior Court has jurisdiction in the same manner and under the same requirements as provided for appeals from the Superior to the Supreme Court. Thus in the review upon appeal to the Superior Court the decision of the Forsyth County Court can only be heard upon "matters of law or legal inference." The facts found by the judge of the Forsyth County Court are binding on the Superior Court—

if there is any evidence to support them. If sufficient facts are not found, the judge of the Superior Court might remand the case for additional findings, but the findings of the Forsyth County Court are binding. The judge of the County Court did not find that the defendant had a "meritorious defense," nor did he find the contrary. The finding only recited the fact that the answer "denying the material allegations of the complaint, which shows a meritorious defense." The judge of the Superior Court went further and found that "the defendant has a meritorious defense in this action." This, under the law, he had no power to do, but should have remanded the cause to the county court for fuller findings. This is fully warranted by the statute, *supra,* analogous to practice in the Supreme Court.

In *Bank v. Duke,* 187 N. C., 389, it was said: "It is well settled in this State that the application should show not only mistake, inadvertence, surprise or excusable neglect, but *also a meritorious defense. Land Co. v. Wooten,* 177 N. C., 250, and cases cited; 23 Cyc., 962, 1031." *Battle v. Mercer,* 187 N. C., p. 441.

In *Bank v. Duke, supra,* p. 390, it was said: "It is the duty of the court below to find the facts, and his finding is ordinarily conclusive. Upon the facts found, the conclusion of law only is reviewable." *Turner v. Southeastern G. & L. S. Co., ante,* 331.

The power of the Forsyth County Court in other aspects has been passed upon in *Chemical Co. v. Turner, ante,* 471. The Superior Court having no power or authority to find the facts, and there being no affirmative finding of fact by the judge of the Forsyth County Court that defendant had a "meritorious defense," the judgment of the Superior Court is

Reversed.