This was a civil action to recover on an insurance policy in the sum of $2,500 issued by the defendant to William Roger Messer, husband of the plaintiff, tried before his Honor, J. P. Kitchin, and a jury, at the regular March Term, 1933, of the General County Court of Buncombe County.
At the conclusion of the plaintiff's evidence the defendant moved for a judgment as of nonsuit. The motion was denied, and the defendant excepted. At the conclusion of all the evidence this motion was renewed, and again denied, and the defendant excepted.
The jury awarded the plaintiff a verdict in the sum of $2,500, with interest thereon from 23 May, 1932, and judgment was signed accordingly. To the signing of the judgment defendant excepted and appealed to the Superior Court.
It is admitted by all the parties that the premium was paid up to the time of the death of the insured, and that the insured died as the result of an aeroplane accident sustained on 23 May, 1932, and that Mrs. Dixie Messer is the widow of William Roger Messer, deceased. That on or about 28 July, 1931, the defendant issued and delivered its policy of insurance No. 436183, in face amount of $2,500, to William Roger Messer; that the beneficiary named in said policy is Dixie Messer, wife of the insured if living, otherwise to insured's surviving children, share and share alike.
As a defense the defendant alleges:
"(1) That attached to and forming a part of said policy of insurance referred to in the complaint, being defendant's policy No. 436183 dated 28 July, 1931, in the face amount of $2,500 issued by the defendant upon the life of William Roger Messer, was a rider generally designated as an aviation rider in words and figures as follows: "Form 1705 — 500 *Page 237 8-30 M. Rider attached to and forming part of Policy No. 436183 issued to William Roger Messer. (Aviation Rider.) Death as a result of service, travel or flight in any species of air craft, except as a fare-paying passenger, is a risk not assumed under this policy, but if the insured shall die as a result, directly or indirectly, of such service, travel or flight, the company will pay to the beneficiary the reserve on this policy. Dated 28 July, 1931 — Jefferson Standard Life Insurance Company." That as aforesaid, the above mentioned rider was attached to and was a part of said contract of insurance at the time of its issuance and delivery by the defendant to said William Roger Messer.
(2) That as defendant is informed and believes and, therefore, alleges, said insured, William Roger Messer, came to his death as a result of travel or flight in an aeroplane owned by himself and in which he was riding at the time of his death not as a fare-paying passenger; that by reason of the fact that the insured came to his death directly as a result of travel or flight in an aeroplane when he was not a fare-paying passenger entitles the plaintiff to recover of the defendant only the reserve on said policy at the time of the death of said insured; that the reserve on said policy at the time of the death of the insured amounted to the sum of $9.83, which said sum the defendant herewith pays into the registry of this court in complete and final discharge of any and all sums due by it by virtue of said contract of insurance. Wherefore, having fully answered the complaint of the plaintiff, the defendant prays the court that this action be dismissed and that it recover its costs of the plaintiff." There was sufficient evidence, to be submitted to the jury on the part of plaintiff to the effect that the "aviation rider" was not attached to the policy of insurance when delivered. This question of fact was decided by the jury in favor of the plaintiff in the General County Court of Buncombe County.
The defendant made numerous exceptions and assignments of error on the trial in the General County Court of Buncombe County, and appealed to the Superior Court. These exceptions and assignments of error were heard by the court below and the following judgment rendered: "This cause coming on to be heard and being heard on appeal from the General County Court of Buncombe County, before his Honor, Felix E. Alley, judge presiding and holding the Superior Court of Buncombe County, North Carolina: After argument by counsel and written briefs, it is ordered, adjudged and decreed that the judgment of the General County Court shall be and said judgment is hereby in all respects affirmed, and every exception of the defendant, appellant, is hereby overruled. This 28 June, 1933. FELIX E. ALLEY, Judge Presiding."
The defendant, in accordance with the practice and procedure in civil cases on appeal from the General County Court of Buncombe County, *Page 238 
duly grouped its exceptions and assignments of error — eight in all. These were heard in the court below and overruled and the defendant appealed to this Court.
In the record, as to judgment in the court below and the ruling of the court below on exceptions and assignments of error from the General County Court of Buncombe County to the Superior Court, we find: "The defendant, in apt time excepted to the signing of the judgment as appears of record and to the ruling of the court." Nowhere in the record does it show any exceptions and assignments of error from the court below to this Court. InSmith v. Texas Co., 200 N.C. 39, (41), is the following: "In the absence of assignments of error appearing in the transcript on an appeal to this Court, the appeal will ordinarily be dismissed on the motion of the appellee. Where, however, no error appears in the record proper, the judgment may be affirmed. In the instant case, the only exception appearing in the record, is to the judgment. We find no error in the judgment. The exceptions cannot be sustained." McIntosh N.C. Practice Procedure in Civil Cases, p. 65. Cook v. Bailey, 190 N.C. 599. This question has also been decided in Bakery v. Ins. Co., 201 N.C. 816.
In the judgment we find no error. For the reasons given, the judgment is
Affirmed.