STATE OF NORTH CAROLINA ON THE RELATION OF THE NORTH CARO-
LINA UTILITIES COMMISSION v. ATLANTIC GREYHOUND CORPO-
RATION, CAROLINA COACH COMPANY, NORFOLK SOUTHERN
BUS CORPORATION, AND SEASHORE TRANSPORTATION COMPANY.

(Filed 3 May, 1944.)

**1. Utilities Commission § 1—**

The N. C. Utilities Commission, a creature of the General Assembly, is an administrative agency of the State with such powers and duties as are given it by statute, G. S., ch. 62. These powers and duties are of a dual nature—supervisory or regulatory and judicial.

**2. Utilities Commission § 2: Public Utilities § 2b—**

The Legislature has not undertaken to foresee and provide for every contingency involved in the problem of supervising and regulating public utilities within the State, but it has authorized and empowered the Utilities Commission, generally, to make rules and regulations by which the purpose of the statute may be effectuated.

**3. Utilities Commission § 4—**

No procedure for appeals to the courts, from rules and regulations of the Utilities Commission, has been prescribed by statute, hence the validity thereof cannot be challenged by appeal.

**4. Utilities Commission § 2: Public Utilities § 2b—**

For the purpose of making investigations and conducting hearings, the Legislature has constituted the Utilities Commission a court of record, with all the powers of a court of general jurisdiction as to all subjects embraced within the purview of the statute, for which procedure is prescribed, G. S., 62-11, *et seq.*, with right in any party affected thereby to appeal, G. S., 62-20, to the courts.

APPEAL by above styled defendants from *Stevens, J.,* at February Civil Term, 1944, of WAKE.

Proceeding before North Carolina Utilities Commission.

The record discloses: (1) That by order dated 20 September, 1942, the North Carolina Utilities Commission struck out the then existing "rule 22 of the rules and regulations for the operation of union bus stations established under order June 12, 1925, as amended June 6, 1939, and amendments thereto," and in lieu thereof substituted the following: "22. WHEN CARRIERS SHALL HONOR TICKETS OF ONE ANOTHER. Carriers operating from a common station where tickets are sold to a common destination, over the same or different routes, shall honor the tickets of one another between said points, and the carrier lifting the same shall be reimbursed therefor by the issuing carrier in the amount paid for same, less the applicable station charge at point of sale." The Commission fixed 10 October, 1942, as the effective date of this order.

(2) After the entry of this order, and on 1 October, 1942, under caption "In the matter of order of the Commission of date September 20, 1942, purporting to amend Rule 22 of the Rules for the Operation of Union Bus Stations Established under order of June 12, 1925, as amended June 6, 1939, and amendments thereto," the Carolina Coach Company, a common carrier by motor vehicle engaged in the transportation of passengers within the State of North Carolina over its inter- and intrastate franchise routes, filed with the North Carolina Utilities Commission special appearance for the purpose of moving, and moved to vacate, the order of 20 September, 1942, designated in the caption above set forth, and quoted hereinabove, and to have same declared void for

that, briefly stated, (a) it had been entered without notice, hearing or opportunity to be heard, and irregularly and in violation of constitutional requirements of due process and observance of the law of the land and without authority in law, (b) it will not promote harmony between carriers, but will tend to confusion, (c) it is unreasonable, arbitary and discriminatory in various specific aspects, and (d) it impairs the obligations of contract, works a peculiar hardship on and violates property rights of movant, and (e) the existing Rule 22 was sufficient to cover the needs of the public, and requested "that this motion be set for hearing at an early date."

(3) Thereupon the Utilities Commission set the motion "for hearing" on 12 October, 1942, and at same time deferred the effective date of said order to six o'clock on date of hearing.

(4) Thereafter, Atlantic Greyhound Corporation, Norfolk Southern Bus Corporation and Seashore Transportation Company, respectively, common carriers by motor vehicle engaged in the transportation of passengers within the State of North Carolina each over its inter- and intrastate franchise routes, in the order named, filed with the North Carolina Utilities Commission special appearances for like purpose, and upon like reasons to that previously filed by the Carolina Coach Company as above described.

The hearing was postponed from time to time, and the effective date of the order deferred to correspond to dates set for hearing, until 22 October, 1942, of all of which the Utilities Commission gave notice by letter to attorneys for those common carriers who had filed special appearances and motions as above stated, and to attorneys for Queen City Coach Company and Smoky Mountain Stages.

(5) On 22 October, 1942, at time and place set for hearing, appearances were made by attorneys for Atlantic Greyhound Corporation, Carolina Coach Company, Norfolk Southern Bus Corporation, and Seashore Transportation Corporation. The Commission heard statements and arguments of said attorneys in support of the motions made by these common carriers. At the same time and place appearances were made by attorney for Queen City Coach Company, Smoky Mountain Stages, Greensboro-Fayetteville Bus Lines, and Fort Bragg Bus Lines, in whose behalf the attorney spoke in opposition to the said motions. At the conclusion of the hearing the Commission took the matter under advisement, and deferred the effective date of the order to 1 November.

(6) Thereafter, in opinion filed on 12 November, 1942, the Utilities Commission denied the motions to vacate and declare void Rule 22 as issued on 20 September, 1942, and ordered that the rule shall be in full force and effect on and after 1 December, 1942, of all of which notice was

given to attorneys for those common carriers in whose behalf appearances were made as above stated.

(7) Thereafter, on dates between 17 and 20 November, 1942, both inclusive, Atlantic Greyhound Corporation, Carolina Coach Company, Seashore Transportation Company, and Norfolk Southern Bus Corporation, in order named, filed with the North Carolina Utilities Commission exceptions to the order of 12 November, 1942, and again prayed the Commission to vacate the order of 20 September, 1942, and stated respectively that "if the Commission should construe the motion and special appearance filed herein . . . as constituting exceptions to the order entered by the Commission on September 20, 1942, and the order of the Commission of November 12, 1942, as an order overruling such exceptions" it "prays that the foregoing exceptions be filed and accepted as its assignment of error and statement of exceptions, and thereupon notice is hereby given of appeal from said order of November 12, 1942, to the Superior Court."

(8) Thereafter, under date of 23 November, 1943, the Utilities Commission entered an order, in which after reciting that "the Commission has given full and careful consideration to all of the exceptions filed and to the contention of counsel in support of said exceptions, and finds no good reason why said rule should be vacated or changed . . . ordered, 1st, that each and all of said exceptions are hereby overruled and denied, 2nd, that the chief clerk of this Commission is hereby directed to change the effective date of said rule to January 1, 1944, file the same with the Secretary of State immediately and furnish copies thereof to all of the bus companies in North Carolina," all of which was done.

(9) Thereafter, on 1 December, 1943, the Utilities Commission entered order, in which after noting "it having been made to appear to the Commission that the protestants of record in the above entitled matter are preparing to appeal from the Commission's order putting into effect amended Rule 22, dated September 20, 1942, and the Commission being of the opinion that a matter of this sort should not be enforced pending litigation as to its validity"—it ordered that the effective date of said Rule 22 is hereby "extended for a period of ninety days from January 1, 1944," and copy of same was filed with Secretary of State.

(10) Thereafter, on 2 December, 1942, each of the common carriers who had filed exceptions as hereinabove stated, filed formal notice of appeal to Superior Court and of exception to the overruling of each exception, as ground of appeal, and requested the Commission to docket said appeal in accordance with law. And on 10 December, 1943, the chief clerk to the Commission certified the record.

(11) In Superior Court the Utilities Commission entered motion to dismiss the appeal for that, among other reasons, the promulgation of

the rule of 20 September, 1942, does not afford ground and basis for an appeal by the common carriers who are attempting to appeal therefrom in this case. The court allowed the motion, and entered judgment dismissing the appeal. The common carriers named appeal to Supreme Court and assign error.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for plaintiff.*

*Bailey, Holding, Lassiter & Wyatt and Ehringhaus & Ehringhaus for Atlantic Greyhound Corporation.*

*Fuller, Reade & Umstead for Carolina Coach Company.*

*Simms & Simms for Norfolk Southern Bus Corporation.*

*D. L. Ward for Seashore Transportation Company.*

WINBORNE, J.   While appellants seek to challenge the validity of the order of the North Carolina Utilities Commission, dated 20 September, 1942, amending Rule 22 of its rules and regulations for the operation of union bus stations, the question arising upon the challenge to judgment from which appeal is taken, and determinative of this appeal is whether appellants are entitled to appeal to the courts from the action of the Commission in adopting and promulgating such amended rule. The court below held that they were not, and with this ruling we are in accord.

The North Carolina Utilities Commission, a creature of the General Assembly, is an administrative agency of the State with such powers and duties as are given to it by statute. G. S., chapter 62, entitled "Utilities Commission." These powers and duties are of a dual nature— supervisory or regulatory and judicial. *Provision Co. v. Daves,* 190 N. C., 7, 128 S. E., 593; *Pue v. Hood, Comr. of Banks,* 222 N. C., 310, 22 S. E. (2d), 896.

The Legislature has not undertaken to foresee, and provide for every contingency involved in the problem of supervising and regulating public utilities, including motor vehicle carriers, within the State of North Carolina, but, in accordance with prevailing custom recognized in public administrative law, it has authorized and empowered the Utilities Commission to make rules and regulations by which the purpose of the statute may be effectuated. G. S., 62-109. This is power of a supervisory or regulatory nature, and general in character. *Provision Co. v. Daves, supra,* and *Pue v. Hood, Comr. of Banks, supra.* And from the adoption and promulgation of rules and regulations in this respect, the Legislature has prescribed no procedure for appeal to the courts.

On the other hand, for the purpose of making investigations and conducting hearings, the Legislature has constituted the North Carolina

Utilities Commission a court of record, with all the powers and jurisdiction of a court of general jurisdiction as to all subjects embraced within the purview of the statute, for which procedure is prescribed and authorized, G. S., 62-11, *et seq.*, with right in "any party affected thereby" to appeal "from all decisions and determinations made by the Utilities Commission." G. S., 62-20. By these provisions the Legislature has granted to the Utilities Commission the power to hear and adjudicate on cases arising within the scope of its activities. The exercise of this power is judicial in nature.

In the light of the distinctive characteristic of the powers thus granted to the Utilities Commission, no appeal may be taken from an order by which the Commission adopts and promulgates a general regulatory rule of supervisory nature. The validity of it may not be challenged in such manner. The rule in question is of this character, and the validity of it may not be challenged by appeal from the order adopting and promulgating it.

Nevertheless, if and when any motor vehicle carrier comes in judicial conflict with the provision of the rule or regulation, it may then challenge the validity of the rule or regulation. Compare *Yakus v. U. S.,* 88 L. Ed., 653, 1943 Term of the United States Supreme Court, Law Ed. Advance Opinions, No. 11, decided 27 March, 1944, where Congress provided procedure for determining the validity of regulations of O.P.A.

Proceedings before the Utilities Commission previously considered by this Court deal with individual cases and are distinguishable, and are not controlling here.

Affirmed.