STATE OF NORTH CAROLINA, EX REL. NORTH CAROLINA UTILITIES
COMMISSION v. OLD FORT FINISHING PLANT, A DIVISION OF UNITED
MERCHANTS AND MANUFACTURERS, INC.; McDOWELL CHAMBER
OF COMMERCE, INC.; AMERICAN THREAD COMPANY; OTIS L. BROY-
HILL FURNITURE CO.; DREXEL FURNITURE COMPANY; CLINCH-
FIELD . MANUFACTURING COMPANY, A DIVISION OF BURLINGTON
INDUSTRIES, INC.; MARION MANUFACTURING COMPANY; CROSS
COTTON MILLS COMPANY; MARION-McDOWELL MERCHANTS AS-
SOCIATION; TOWN OF MARION; MACON COUNTY BOARD OF COM-
MISSIONERS; TOWN OF WEAVERVILLE, N. C.; WESTERN AUTO
STORES; DRYMAN'S CLOTHING STORE; BURRELL MOTOR CO.,
INC.; MACON COUNTY SUPPLY CO.; CRISP STUDIO; TOWN MOTEL;
WAYAH INSURANCE AGENCY; DR. ERNEST FISHER; BANK OF
FRANKLIN; CAROLINA PHARMACY, AND FRANKLIN PRESS.

AND

STATE OF NORTH CAROLINA, EX REL. NORTH CAROLINA UTILITIES
COMMISSION v. THE ATTORNEY GENERAL OF NORTH CAROLINA,
INTERVENOR.

(Filed 19 May, 1965.)

1. **Utilities Commission § 1—**

   The Utilities Commission is an administrative agency of the State and as
   such is *ex vi termini* distinguished from courts within the purview of Sec-
   tion 3, Article IV of the Constitution of North Carolina.

2. **Constitutional Law § 5; Appeal and Error § 1; Utilities Commis-
   sion § 9; Administrative Law § 4—**

   The jurisdiction of the Supreme Court is conferred and defined by the
   Constitution, and G.S. 62-99, providing that an appeal from an order of the
   Utilities Commission approving an increase in the rates and charges of a
   public utility should be direct to the Supreme Court, is unconstitutional as
   being in conflict with the provisions of Article IV of the Constitution of
   North Carolina, both before and after the 1962 Amendment.

3. **Appeal and Error § 2—**

   In dismissing an attempted appeal direct from the Utilities Commission,
   the Supreme Court, in the exercise of its supervisory jurisdiction, may
   order that the appeal be entered in the Superior Court in the same manner
   as though it were filed originally in that Court in apt time, subject to the
   right of any party to appeal from the judgment of the Superior Court to
   the Supreme Court as provided in G.S. 62-96.

APPEAL by the Attorney General of North Carolina, Intervenor, and
by Protestants, as provided in G.S. 62-99, from an order entitled, "Or-
der Allowing Adjustment of Rates," entered April 8, 1964, by the
North Carolina Utilities Commission, docketed and argued as No. 474
at Fall Term 1964.

This proceeding originated before the North Carolina Utilities Com-
mission (Commission) upon the filing on August 30, 1963 by Western
Carolina Telephone Company (Western) of an application for ap-

proval of proposed increases in its rates and charges. On November 7, 1963, the Attorney General, as authorized by G.S. 62-20, intervened "on behalf of the using and consuming public." On November 12, 1963, the parties named in the caption as protestants, who are customers of Western, filed a joint "Protest." After extended hearings in November 1963, the Commission (two Commissioners dissenting) approved a new schedule of rates and charges allowing in part the increases sought by Western. The Attorney General and the protestants filed "exceptions" to said order and gave notice of appeal therefrom to the Supreme Court.

*Edward B. Hipp for appellee Utilities Commission.*

*Van Winkle, Walton, Buck & Wall and Lake, Boyce & Lake for appellee Western Carolina Telephone Company.*

*Attorney General Bruton, Assistant Attorney General Barbee and F. Kent Burns for Intervenor and Protestants, appellants.*

BOBBITT, J. The first question confronting us is whether this Court has jurisdiction to review decisions of the Utilities Commission on direct appeal "without intermediate review in the superior court." Western contends G.S. 62-99, which purports to authorize such direct appeal and review, is in conflict with Article IV of the Constitution of North Carolina, as amended by the voters in the General Election held November 6, 1962, specifically Sections 2, 3, 5 and 10 thereof.

The General Assembly, by enactment of Chapter 1165, Session Laws of 1963, "Amended, revised, and recodified" Chapters 56, 60 and 62 of the General Statutes by rewriting said chapters as one new chapter, to wit, "Chapter 62, Public Utilities."

A provision of the 1963 Act, designated therein and in G.S. Vol. 2B Replacement, 1965, as G.S. 62-99, provides: "Appeals from an order or decision of the Commission approving or authorizing an increase in the rates or charges of a public utility shall be made directly from the Commission to the Supreme Court without intermediate review in the superior court. The Commission shall transmit the entire record in all such appeals direct to the Supreme Court for hearing and review in accordance with the extent of review set out in this article for review of Commission cases, and the rules and regulations as are prescribed by law for appeals."

Decisions based on the provisions of Article IV of the Constitution of North Carolina prior to the 1962 amendment thereof established that the appellate jurisdiction of the Supreme Court related solely to appeals from the Superior Courts.

An 1895 Act (Public Laws of 1895, c. 75) provided for the establishment of "The Criminal Circuit Court of Buncombe, Madison, Haywood

and Henderson counties." Section 5 thereof provided: "That appeals to the supreme court and writs of error may be prosecuted from the judgments of said criminal courts in the same manner as they may be from the superior courts." The 1895 Act was amended in 1897 (Public Laws of 1897, c. 6) by changing the name of said court to "The Circuit Court" of said counties, and by providing that the judge thereof, "in addition to the criminal jurisdiction he now has, shall have also as to all civil actions and special proceedings and all civil business originating or pending in said four counties, or either of them, concurrent, equal jurisdiction, power and authority with the Judges of the Superior Courts of this State, to be exercised at chambers or elsewhere in said counties, in all respects as the Judges of the Superior Courts of this State have such power, jurisdiction and authority."

Provisions of said 1895 and 1897 Acts were considered in *Rhyne v. Lipscombe,* 122 N.C. 650, 29 S.E. 57; *S. v. Ray,* 122 N.C. 1097, 29 S.E. 61; and *Tate v. Commissioners,* 122 N.C. 661, 29 S.E. 60.

In *Rhyne,* the defendant appealed directly to the Supreme Court from an adverse verdict and judgment in said Circuit Court. In holding the quoted provisions of the 1897 Act unconstitutional and void, Clark, J. (later C. J.), said: ". . . the Superior Court is at the head of the court system below the Supreme Court, and . . . from it alone appeals can come up to this Court. From the inferior courts, therefore, appeals must go to the Superior Court of the county and not direct to this Court." The judgment of the Circuit Court was "quashed" and the cause was remanded to the Superior Court.

In *Ray,* the defendant appealed directly to the Supreme Court from an adverse verdict and judgment in the Circuit Court. In holding Section 5 of the 1895 Act unconstitutional and void, Clark, J. (later C..J.), said: "Section 5 of said chapter 75 provides that appeals lie from said criminal court direct to this Court, but in the case just cited *(Rhyne v. Lipscombe, supra)* we have felt constrained to hold that this is in derogation of the constitutional provisions in regard to the Superior Courts from which alone appeals lie to this Court. . . . The appeal having been improvidently taken, must be dismissed. The appellant will take his appeal by *certiorari* or otherwise, as he may be advised, to the Superior Court of Buncombe County, and from the judgment of that court, should it be adverse to him, an appeal can be prosecuted, should he so desire, to this Court."

In *Tate,* the action for *mandamus* was dismissed on the ground the Circuit Court had not acquired jurisdiction. The opinion of Clark, J. (later C. J.), contains the following: "It is competent for the General Assembly to give to said Circuit Court, or any other court it may erect, original jurisdiction, either exclusive or concurrent with the Superior

Court, civil as well as criminal, of all matters which may originate in said counties, *subject to the right of appeal therefrom to the Superior Courts created by the Constitution . . ."* (Our italics.)

Decisions in accord with *Rhyne, Ray* and *Tate* include the following: *S. v. Hanna,* 122 N.C. 1076, 29 S.E. 353; *S. v. Hinson,* 123 N.C. 755, 31 S.E. 854; *Mott v. Commissioners,* 126 N.C. 866, 36 S.E. 330; *Cook v. Bailey,* 190 N.C. 599, 601, 130 S.E. 498; *Jones v. Oil Company,* 202 N.C. 328, 332, 162 S.E. 741; *In re Parker,* 209 N.C. 693, 696, 184 S.E. 532.

In *Allen v. Insurance Co.,* 213 N.C. 586, 588, 197 S.E. 200, Winborne, J. (later C. J.), quotes with approval the following: "For all courts established by special or general laws, whether the jurisdiction is exclusive or concurrent with the Superior Court, the appellate jurisdiction lies in the Superior Court, as the head of the judicial system below the Supreme Court." McIntosh, North Carolina Practice and Procedure, § 67. See also *Taylor v. Johnson,* 171 N.C. 84, 87 S.E. 981.

In *Pate v. R. R.,* 122 N.C. 877, 29 S.E. 334, the petitioners appealed directly to the Supreme Court from an order of the Railroad Commission established pursuant to Public Laws of 1891, Chapter 320. Section 7 of the 1891 Act provided for appeals from the Commission to the Superior Court and from the Superior Court to the Supreme Court. However, Section 29, as amended in 1893 (Public Laws of 1893, c. 113), provided: ". . . and when no exception is made to the facts as found by the railroad commission, then the appeal shall be taken direct to the Supreme court." In accord with *Rhyne, Ray* and *Tate,* and based on the grounds set forth therein, the quoted statutory provision purporting to authorize such direct appeal was held unconstitutional and void. In dismissing the appeal, Clark, J. (later C. J.), said: ". . . the appeal (from the Railroad Commission) will lie in the first instance to the Superior Court, and thence the party cast has his appeal, if he so elect, to this Court."

In *Corporation Com. v. Mfg. Co.,* 185 N.C. 17, 116 S.E. 178, Hoke, J. (later C. J.), in a general discussion of statutory provisions relating to the Corporation Commission, said: "And in reference to the sections providing for and regulating appeals, our decisions hold that no appeal lies from the orders and rulings of the commission directly to the Supreme Court, but that any such appeal must be taken in the first instance to the Superior Court, and only from the judgments of the Superior Court will an appeal lie to this Court under the same rules and regulations as are prescribed by the general law appertaining to appeals." *Rhyne v. Lipscombe, supra,* and *Pate v. R. R., supra,* are cited in support of the quoted statement.

"The North Carolina Utilities Commission, a creature of the General Assembly, is an administrative agency of the State with such powers and duties as are given to it by statute. . . . These powers and duties are of a dual nature — supervisory or regulatory and judicial." *Utilities Com. v. Greyhound Corp.*, 224 N.C. 293, 29 S.E. 2d 909.

Statutes in effect prior to Chapter 1165, Session Laws of 1963, provided for appeal to the Superior Court from *all* decisions of the Utilities Commission and for appeal to the Supreme Court from the judgment of the Superior Court. G.S. Vol. 2B Replacement, 1960, Chapter 62, Article 2. (Note: Present statutes provide that appeals from the Utilities Commission shall be to the Superior Court, and that appeals to the Supreme Court shall be from the judgments of the Superior Court, with reference to all decisions except those approving or authorizing an increase in the rates and charges of a public utility. G.S. 62-90 through G.S. 62-99, G.S. Vol. 2B Replacement, 1965.)

Statutes relating to other administrative agencies vested with judicial or quasi-judicial powers provide for appeal from their decisions to the Superior Court. With reference to certain agencies, specific provision is made for such appeal: North Carolina Industrial Commission, G.S. 97-86; Employment Security Commission, G.S. 96-4(m); Commissioner of Insurance, G.S. 58-9.3. Absent adequate procedure for judicial review by some other statute, decisions of administrative agencies are subject to review in the Superior Court as provided in G.S. Chapter 143, Article 33, which is applicable, *inter alia*, to decisions of the State Banking Commission, G.S. 53-188; the Commissioner of Motor Vehicles, G.S. 20-300; and the Tax Review Board, G.S. 105-241.3. G.S. Chapter 150 provides for appeal to the Superior Court from decisions of the numerous licensing boards referred to therein.

Notwithstanding said decisions based on the provisions of Article IV of the Constitution of North Carolina prior to the 1962 amendment thereof, counsel for protestants and for the Utilities Commission contend the present provisions of Article IV authorize the General Assembly to provide for direct appeals to the Supreme Court from decisions of administrative agencies.

It is noted that Article IV contains no specific reference to the Utilities Commission. Section 3 thereof, quoted below, refers generally to administrative agencies.

By virtue of the amendment adopted at the General Election held November 6, 1962 "(t)he Constitution of North Carolina (was) amended by rewriting Article IV thereof to read" as set forth in Session Laws of 1961, Chapter 313. Nothing indicates the question for decision was considered either by the General Assembly or by the electorate. The answer to the question must be found in the present

provisions of Article IV. Further references are to the (present) provisions of Article IV as set forth in said 1961 Act.

We quote below Sections 1, 2, 3, 5 and 10 of Article IV as set forth in said 1961 Act.

"Section 1. Division of judicial power. The judicial power of the State shall, except as provided in Section 3 of this Article, be vested in a court for the Trial of Impeachments and in a General Court of Justice. The General Assembly shall have no power to deprive the judicial department of any power or jurisdiction which rightfully pertains to it as a co-ordinate department of the government, nor shall it establish or authorize any courts other than as permitted by this Article.

"Sec. 2. General Court of Justice. The General Court of Justice shall constitute a unified judicial system for purposes of jurisdiction, operation, and administration; and shall consist of an appellate division, a Superior Court division, and a District Court division.

"Sec. 3. Judicial powers of administrative agencies. The General Assembly may vest in administrative agencies established pursuant to law such judicial powers as may be reasonably necessary as an incident to the accomplishment of the purposes for which the agencies were created. Appeals from administrative agencies shall be to the General Court of Justice.

" . . .

"Sec. 5. Appellate Division. The appellate division of the General Court of Justice shall consist of the Supreme Court.

" . . .

"Sec. 10. Jurisdiction of the General Court of Justice.

" (1) Supreme Court. The Supreme Court shall have jurisdiction to review upon appeal any decision of the courts below, upon any matter of law or legal inference. The jurisdiction of the Supreme Court over 'issues of fact' and 'questions of fact' shall be the same exercised by it prior to the adoption of this Article, and the Court shall have the power to issue any remedial writs necessary to give it a general supervision and control over the proceedings of the other courts. The Supreme Court shall have original jurisdiction to hear claims against the State, but its decisions shall be merely recommendatory; no process in the nature of execution shall issue thereon; the decisions shall be reported to the next Session of the General Assembly for its action.

" (2) Superior Court. Except as otherwise provided by the General Assembly, the Superior Court shall have original general jurisdiction throughout the State. The Clerks of the Superior Court shall have

such jurisdiction and powers as the General Assembly shall provide by general law uniformly applicable in every county of the State.

"(3)  District Courts; Magistrates.  The General Assembly shall, by general law uniformly applicable in every local court district of the State, prescribe the jurisdiction and powers of the District Courts and Magistrates.

"(4) Waiver.  The General Assembly may by general law provide that the jurisdictional limits may be waived in civil cases.

"(5) Appeals.  The General Assembly shall, by general law, provide a proper system of appeals: Provided, that appeals from Magistrates shall be heard *de novo*, with the right of trial by jury as defined in this Constitution and the laws of this State."

Administrative agencies referred to in Section 3 of Article IV *ex vi termini* are distinguished from courts. They are not constituent parts of the General Court of Justice. Section 1 of Article IV provides expressly that the General Assembly shall have no power to establish or authorize "any courts other than as permitted by this Article." It is provided in Section 3 of Article IV that appeals from such *administrative agencies* "shall be to the General Court of Justice."

The General Court of Justice consists exclusively of *the courts* constituting the appellate, superior court and district court divisions thereof. The jurisdiction of the Supreme Court is conferred and defined by the Constitution, not by the General Assembly. Under Section 10 of Article IV, the jurisdiction of the Supreme Court is to review on appeal decisions "of the courts below." This does not include jurisdiction to review on direct appeal the decisions of administrative agencies.

Section 10 of Article IV, which defines the jurisdiction of each of the courts in the General Court of Justice, provides in Sub-section (5) that "(t)he General Assembly shall, by general law, provide a proper system of appeals." Obviously, this refers to a system of appeals from a lower court to a higher court within the General Court of Justice.

The conclusion reached is that, under the present provisions of Article IV, the appellate jurisdiction of the Supreme Court relates solely to appeals from decisions of "the courts below," and that the General Assembly has no authority to provide for appeal from decisions of administrative agencies to the Supreme Court without prior appeal to and review by a lower court within the General Court of Justice. Hence, G.S. 62-99 is held unconstitutional and void.

While the present appeal is dismissed, it is Ordered, in the exercise of our general supervisory jurisdiction, Section 10(1) of Article IV, that appellants, not later than sixty days from the date this decision is filed, may file the record on appeal, including their excep-

tions, as originally filed in this Court, in the Superior Court of Wake County; and, if so filed, the proceeding shall be heard in the Superior Court of Wake County in accordance with G.S. 62-90 *et seq.* in like manner as if filed originally in said court in apt time, subject to the right of any party to appeal from the judgment of the Superior Court to the Supreme Court as provided in G.S. 62-96.

Appeal dismissed, with right to file in Wake Superior Court.