STATE OF NORTH CAROLINA, EX REL, UTILITIES COMMISSION, NORTH CAROLINA COTTON GINNERS ASSOCIATION, HERTFORD COUNTY BOARD OF EDUCATION, PITT COUNTY SCHOOL BOARD, BERTIE COUNTY BOARD OF EDUCATION, HALIFAX COUNTY BOARD OF EDUCATION AND ROBERT MORGAN, ATTORNEY GENERAL, APPELLES

— v. —

VIRGINIA ELECTRIC AND POWER COMPANY, AND THE MUNICIPALITIES OF ROANOKE RAPIDS, AHOSKIE, PLYMOUTH, RICH SQUARE, ROPER AND WELDON, APPELLANTS

No. 7410UC140

(Filed 6 March 1974)

Utilities Commission § 4— electric power company — general rate increase
    Order of the Utilities Commission allowing a general increase in the rates and charges for a power company's services in this State is affirmed.

    Judge PARKER dissenting.

APPEAL by Virginia Electric and Power Company and Cities of Ahoskie, Plymouth, Rich Square, Roanoke Rapids, Roper and Weldon from order of the North Carolina Utilities Commission entered on 28 June 1973 in Docket No. E-22, Sub. 141.

This proceeding was initiated upon application by Virginia Electric and Power Company (Vepco) filed with the North Carolina Utilities Commission (Commission) on 27 July 1972 seeking approval for a general increase in the rates and charges for Vepco's service in North Carolina. By its order dated 31 August 1972, the Commission declared the proceeding to be a general rate case under G.S. 62-133 and, among other things, scheduled the matter for investigation and hearing before the Commission.

Upon petition, the Commission allowed the Attorney General of North Carolina on behalf of the using and consuming public, the Northeastern Cotton Ginners Association, the municipalities of Ahoskie, Plymouth, Rich Square, Roanoke Rapids, Roper and Weldon, the Boards of Education of Bertie, Halifax, Hertford and Pitt Counties, and Pitt County to intervene and become parties to the proceeding.

In its application Vepco alleged, among other things, that it is a public utilities corporation rendering electric service in twenty-two counties and forty-one municipalities in Northeastern North Carolina; that an increase in its revenue is necessary to provide a fair return on investment; it asked for approval of an increase in rates that would yield additional annual revenue of approximately $2,480,000, resulting in a return of 8.56% on original cost of its rate base components used in its North Carolina operations subject to the Commission's jurisdiction. Vepco also asked for approval of an automatic fossil fuel adjustment clause that would authorize Vepco periodically to increase or decrease charges for all material services to reflect increases or decreases in the cost of fossil fuel.

The intervening municipalities alleged that they had contracts with Vepco which would be affected adversely by an increase in rates, and asked the Commission not to approve any increase that would apply to them.

Following extensive hearings in January and February of 1973, the Commission entered an order approving an increase in certain rates that would yield approximately $962,685 addi-

tional revenue, or about 38% of that sought in the application, resulting in a rate of return of 6.89% on fair value. The intervening cities were not exempted from the rate increases.

Vepco and the municipalities of Ahoskie, Plymouth, Rich Square, Roanoke Rapids, Roper and Weldon noted exceptions to, and appealed from, the order.

*Joyner & Howison, by Robert C. Howison, Jr., and Hunton, Williams, Gay & Gibson, by Evans B. Brasfield, Guy T. Tripp, III, and Allen C. Barringer, for Virginia Electric and Power Company, appellants.*

*Crisp, Bolch & Smith, by William T. Crisp, and Nicholas Long, attorneys for appellants cities of Ahoskie, Plymouth, Rich Square, Roanoke Rapids, Roper and Weldon.*

*Attorney General Robert Morgan, by I. Beverly Lake, Jr., Assistant Attorney General, and Robert P. Gruber and Jerry J. Rutledge, Associate Attorneys, for the Using and Consuming Public, appellees.*

*Fountain & Goodwyn, by George A. Goodwyn, for Northeastern Cotton Ginners Association, appellee.*

*Edward B. Hipp, Maurice W. Horne and Jerry B. Fruitt, attorneys for the North Carolina Utilities Commission, appellee.*

BRITT, Judge.

This being an appeal to review a decision of the North Carolina Utilities Commission in a general rate making case, any aggrieved party, as a matter of right, may appeal from the decision of this court to the State Supreme Court. G.S. 7A-30(3). Under Article IV of our State Constitution, the appellate jurisdiction of our Supreme Court relates solely to appeals from decisions of "the courts below"; the Utilities Commission being an administrative agency and not a part of the General Court of Justice, direct appeals from the Utilities Commission to the Supreme Court are not constitutionally permissible. *Utilities Commission v. Finishing Plant,* 264 N.C. 416, 142 S.E. 2d 8 (1965).

We perceive no worthwhile purpose that would be served by a discussion of the various points raised by appellants. Suffice to say, we have carefully reviewed the record in this case, with particular reference to the assignments of error brought

forward and argued in the briefs, and find no error which we consider sufficiently prejudicial to justify a remanding of the cause to the Utilities Commission.

The order appealed from is

Affirmed.

Judge VAUGHN concurs.

Judge PARKER dissents.

Judge PARKER dissenting.

The record in this case indicates to me that the Commission, after making its finding as to the fair value of the utility's property, effectively ignored that finding by fixing the rate of return, not on the basis of fair value, but on the basis of book value. G.S. 62-133 (b) (4) directs that the rate of return be fixed on fair value. I would remand this proceeding with direction that the Commission fix the rate of return on the basis required by our statute.